By the Court—
BROWN, C. J.,
delivering the opinion.
By the Act of 1818, Cobb’s New Digest, page 991, every will, deed, contract, agreement or stipulation, or other instrument in writing, or by way of parol, whether by way of trust or otherwise, made for the purpose of effecting or endeavoring to effect the manumission of any slave or slaves, either directly, by conferring or attempting to confer freedom on such slave or slaves, or indirectly, or virtually, by allowing and securing, or attempting to allow or secure to such *slave or slaves, the privilege of working for himself, free from the control of the owner, or enjoying the profits of his labor, are declared to be ■utterly null and void.
In this case, the defendant sought to attack the deed which was the foundation of plaintiff’s title, by showing that it was made in aid of a contract between plaintiff and defendant, by which plaintiff, for a consideration, undertook to emancipate the defendant, who was then his slave, in this State, and' to locate ■ him upon the tract of land in dispute, which defendant alleges was paid for with his money, and the deed taken *319 in the name of the plaintiff for his use and benefit, in furtherance of this illegal design. If such was the fact, and the defendant was placed in possession of the land by the plaintiff, with intent to evade the law and carry out the illegal purpose, we hold that the Courts of this State, under the rule repeatedly announced by this Court, will not aid plaintiff to recover the possession of the land from the defendant. If the defendant’s version of the case is correct, the parties were engaged in an 'illegal transaction, in violation of the laws arid public .policy of this State, in existence at that time. And it makes not difference whether the illegal transaction is malum prohibitum or malum in se. In neither case will the Courts of this State interfere to grant relief to either party. But they will leave the parties where they find them, no matter whether the illegality of the contract appears from the plaintiff’s case, or is set up by way of defense. See Howell, administrator, v. Fountain et al., 3d Georgia, 182; Cary v. Smith, 11th Georgia, on page 547; and Alford v. Burke, 21st Georgia, 46.
It is objected that the defendant should not he heard, to set up the illegality of the transaction for his own benefit. The reply is, that Courts sustain such a defense, not for the sake of the defendant, but upon general principles of public policy. In Holman v. Johnson, Cowper 343, Lord Mansfield uses the following language, which has heretofore been approved and adopted by this Court, as a' correct statement of the rule on this subject:
“The objection that a contract is immoral or illegal, as *between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed, but it is founded on general principles of policy, which the defendant has the advantage of, contrary to real justice, as between him and the plaintiff, by accident, if I may so say. The principle of public policy is this, ex dolo malo non oritur actio. No Court will lend its aid to a man upon an illegal or an immoral act. If from the plaintiff’s own statement, or otherwise, the cause of action appears to arise ex turpi causa, or the transgression of a positive law of this country, then the Courts say he has no right to be assisted. It is upon that ground the Court goes, not for the sake of the defendant, but because it will not lend its aid to-such a plaintiff. So if the plaintiff and defendant should change sides and the defendant were to bring his action against the plaintiff, the latter would then have the advantage of it, for where both are equally at fault, potior est conditio defendentis.”
The object of the rule is to discourage discountenace all illegal and immoral transactions, which violate sound public policy, and not to aid or favor either party. And we see no good reason why the defendant should not be heard to set up this defense to defeat the plaintiff’s action. It matters *320 not how the fact is brought to the attention of the Court; whenever it is ascertained, the law denies its aid to either party, it leaves them where it finds them, it closes its temples against them, and says, your “poluted hands shall not touch the pure fountains of justice.”
We hold that the Court erred in this case, in ruling out the evidence, offered by the defendant, to show that this purchase was in fact made for his benefit, while he was a slave, and that the land was paid for in whole, or in part, by his money, and that he was placed 'in possession by the plaintiff in furtherance of such illegal transaction. We do not know how far the evidence, if admitted, would have gone to establish these facts; but, if it had been sufficient, we hold that plaintiff had no right to the assistance of the Court to recover the possession of the premises from the defendant.
Judgment reversed.