Puckett vs. Roquemore.

---

GREEN PUCKETT, plaintiff in error, *vs.* JOHN ROQUEMORE, defendant in error.

1. If one indicted for larceny voluntarily repay the sum alleged to have been stolen, without any unlawful agreement, he cannot recover it back, though he be afterwards tried on the indictment and acquitted.
2. If the repayment be made upon an illegal agreement that the prosecution shall be settled or discontinued, the bargain is corrupt, and for that reason the money cannot be recovered back. The law will leave the parties where it finds them.

Contracts. Illegal consideration. Criminal law. Before Judge HALL. Newton Superior Court. March Term, 1875.

The principles of law covered by this decision are sufficiently clear without a report of the facts beyond those embraced in the opinion.

SUMMERS & MIDDLEBROOKS, by brief, for plaintiff in error.

JOHN V. WOODSON, by brief, for defendant.

BLECKLEY, Judge.

1. When a person is indicted for stealing money, he may make restitution. If he be guilty, he is under both a civil and moral obligation to do so. He can be sued for it, and compelled to refund. If he be innocent, he may, nevertheless, waive the question of guilt or innocence, and make voluntary payment. Trial and acquittal afterwards will not entitle him to recover it back; if he meant to stand upon that issue, he ought to have done so at first, and refused to pay.

In the present case there was no duress or fraud; the party seems not to have been in custody, but free; and it appears that the proposition to settle came from himself. Upon the supposition that he paid without any unlawful agreement, there is no ground on which he can reclaim the money, although he has since been acquitted of the charge. Perhaps his acquittal *may be* due to the fact that he extracted from the prosecution all its vigor, by soothing the prosecutor with this repayment, and lulling him into inaction.

2. If the money was paid on an illegal agreement that the prosecution should be settled or discontinued, or even that the prosecutor should use his influence to have it suppressed, the party is equally without remedy. In contemplation of law such a contract is vicious and corrupt, and both parties are at fault, in *pari delicto*. The law leaves them where it finds them—in the bed which they have made for themselves they must lie.

Judgment affirmed.