## CHAMBERLIN & COMPANY *vs.* BECK, GREGG & COMPANY *et al.*

1. The affidavit to foreclose a mortgage on personalty may be made before the clerk of the superior court, and execution may thereupon issue without any order from the judge.
2. The execution in this case substantially follows the affidavit.
(*a.*) A direction in a mortgage *fi. fa.* that of the personalty covered thereby the sheriff make a specified sum, is in effect a direction to sell for that purpose.
3. Where a debtor made a single mortgage covering a stock of goods to secure two creditors to the amounts respectively due them (stating each), the mortgage could be foreclosed in favor of both creditors at the same time ; and such foreclosure would not be the joining of distinct and separate claims in the same action.
4. Section 3635 of the Code providing for the return of *fi. fas.* means that they shall be returnable to the next term after the money can be lawfully made.
5. A new stipulation or condition cannot be engrafted upon a mortgage by parol, under the guise of a plea of recoupment.

Mortgages. Executions. Actions. Practice in Superior Court. Before Judge BROWN. Dawson Superior Court. September Term, 1881.

On the twenty-ninth day of January, 1881, E. B. Chamberlin & Co. executed a mortgage, covering their stock of merchandise, to Moore, Marsh & Co., and Beck, Gregg & Co., to secure the payment of two debts, one in favor of Moore, Marsh & Co., for $993.91, represented by note, dated 29th January, 1881, and due one day after date, the other in favor of Beck, Gregg & Co. for $1,002.36, by note, dated January 29th, 1881, and due one day after date, with interest, costs and attorneys fees involved in collecting both notes. The mortgage was recorded February 1st, 1881.

On the 12th April, 1881, W. A. Gregg, of the firm of Beck, Gregg & Co., and as agent for the firm of Moore, Marsh & Co., made a single affidavit before the clerk of the

superior court of Dawson county for the foreclosure of this mortgage, and stated in the affidavit that there was due on the mortgage to Beck, Gregg & Co. $1,002.36 principal, $14.22 interest, and $102.00 attorney's fees, and to Moore, Marsh & Co. $993,91 principal, $14.06 interest, and $99.00 attorneys fees. The clerk issued an execution dated 12th April, 1881, commanding the officer to "cause to be made" of said merchandise $1,002.36 principal, $14.22 interest, and the further sum of $993.91 principal, and $14.06 interest, to satisfy the principal and interest, together with costs of the proceeding to foreclose a mortgage in favor of Moore, Marsh & Co. and Beck, Gregg & Co. on said property, which sums of money are due to the said Moore, Marsh & Co. and Beck, Gregg & Co. by the said E. B. Chamberlin & Co., as appears by the affidavit of W. A. Gregg," etc. The *fi. fa.* was made returnable to the September term of court, and was levied on the merchandise mentioned on the 12th of April, 1881. (The superior court of Dawson county holds its sessions on the third Monday in April and second Monday in September.)

On the application of plaintiff, the judge of the superior court granted an order for the sale of said stock of goods, on ten days notice, the sheriff to hold the money arising from the sale subject to the order of the court.

To these proceedings of foreclosure, defendant on the third day of May, 1881, filed an affidavit of illegality on the following grounds:

(1.) Because the affidavit for the foreclosure of the mortgage was made before the clerk of said court.

(2.) (Abandoned.)

(3.) Because the execution does not follow the affidavit, and does not specify to whom each sum for which it issued belongs.

(4.) Because said execution does not command the sale of the property mentioned in said mortgage.

(5.) Because said affidavit and execution embrace and are

v 68—24

proceeding for two separate and distinct claims of differ-ent persons, whose interest is several.

(6.) Because the execution is not returnable to the term of said court next after it issued.

(7.) (Abandoned.)

(8.) " Because at the time of the execution of said mort-gage and in consideration of the execution of the same, the plaintiffs undertook, agreed and faithfully promised defendants not to foreclose the same until after the cotton crop of the present year should be put on the market, and relying on said agreement, undertaking and promise of plaintiffs, defendants executed said mortgage. But the said plaintiffs, utterly disregarding their said agreement, undertaking and promise, and in violation of the same, made said affidavit and caused said execution to issue at a time when defendants were not expecting such a pro-ceeding, and were wholly unprepared to pay the sums claimed on said mortgage, and caused said execution to be levied on the property mentioned in said mortgage, closed up their place of business, and thus stopped and destroyed the business of defendants as merchants, by which they were making a profit of one hundred dollars, or some other large sum of money, per month, and greatly injured the credit of defendants, to their great injury and damage, to-wit, in the sum of three thousand dollars, or some other large sum of money. And these defendants plead the same by way of recoupment against the plaintiff's claim under said mortgage, and of this they put themselves up-on the country," etc.

The case came on for trial at the September term, 1881, of the superior court, when the court, on motion of plain-tiff's counsel, passed the following order:

" It appearing to the court that the property has been sold and the sheriff having answered to a rule that he has the money in court ready for distribution, it is ordered that the illegality be overruled. This 25th September, 1881.

(Signed)          JAMES R. BROWN,

*Judge S. C. B. R. C.*"

To this judgment defendants excepted.

Chamberlin & Co. *vs.* Beck, Gregg & Co. *et al.*

M. L. SMITH; H. C. JOHNSON; JAS. M. BISHOP; HARRISON & PEEPLES, for plaintiffs in error.

No appearance for defendants.

JACKSON, Chief Justice.

1. To foreclose a mortgage on personalty, the affidavit may be made before the clerk of the superior court, and execution issue without any order from the judge of the superior court. Code, §3971.

2. Substantially the execution follows the affidavit and specifies the sum due each of plaintiffs. It commands a sale, because it requires the sheriff to make the money out of the mortgaged goods.

3. The mortgage is one. It is on the same goods to secure two firms for several sums due each, but on one instrument under which each plaintiff claims. One foreclosure, therefore, of the one mortgage under which both plaintiffs claim is not obnoxious to section 3256 of the Code, which declares, "that distinct and separate claims of or against different persons, cannot be joined in the same action." It does not hurt defendants to make one foreclosure; it saves costs and helps them.

4. The execution was properly returnable to the next term after the money could possibly be made by levy and sale, and it were folly to order the sheriff to return the money into court at a term when he could not have had time to make it. Code, §3635, means that next term after it can be lawfully made.

5. The plea of recoupment is an attempt to engraft a new stipulation or condition on the mortgage by parol testimony. This cannot be done.

So that without reference to the reason given by the court for the judgment, that the money was already in court, the affidavit was properly overruled on demurrer thereto.

Judgment affirmed.