CONLEY *vs.* SIMS & BLALOCK.

Where a vendor of fertilizers had three different kinds thereof in a warehouse, two of which had been inspected and the third had not been inspected, branded or tagged, and where bags of these three kinds were cut in the house, and after all the sound bags which had tags upon them were sold and delivered, this refuse mixture was gathered up and bagged, and tags were procured from persons other than the inspector and attached to the bags, and the

mixture was thus sold, it was an illegal sale and void, and could not furnish the basis of a recovery even in the hands of a *bona fide* purchaser without notice.

February 9, 1884.

Fertilizers. Contracts. Fraud. Before Judge Clark. City Court of Atlanta. March Term, 1883.

Reported in the decision.

A. A. Manning, for plaintiff in error.

R. J. Jordan, for defendants.

Jackson, Chief Justice.

It is quite clear that the verdict and judgment in the case are contrary to law and must be set aside, and a new trial granted. The suit is for the recovery of a note given for fertilizers containing this clause:

" The legislature of Georgia having passed an act, approved February 26, 1877, providing that no fertilizer should be sold in this state except such as come up to the standard therein specified, and providing further that the commissioner of agriculture should have all fertilizers offered for sale properly inspected and analyzed, and should prohibit the sale of any failing to come up to the required standard, and the seller of the fertilizer for which this note is given, having complied fully with the law, which fact is hereby admitted by the purchaser, failure to benefit crops or failure of consideration or want of consideration, either total or partial, shall not be pleaded in any action or suit at law on this contract. On consideration of the option to pay this note in cotton as aforesaid, and by the time given in which to make the payment, I purchase the fertilizer on the terms above specified."

The defendant pleaded that the fertilizer sold him had not been inspected, branded and tagged, as required by law, and the admission in the contract was procured by misrepresentation and fraud of plaintiffs, and that the fertilizer was worthless.

The proof is clear that the fertilizer delivered to defendant was never branded or tagged or inspected in any way according to law, but was a mixture of three different sorts of fertilizer, two of which had been inspected, and the third had not been inspected, or branded or tagged; that the bags of these three kinds had been cut in the warehouse of plaintiff's agent, and after all the sound bags which had tags on them were sold and delivered, this refuse mixture of good and bad, inspected and not inspected, branded and not branded, tagged and not tagged, was gathered up and bagged, and tags procured from Langston & Crane, who were not inspectors, and attached to these bags of refuse fertilizer; and this stuff, thus never inspected or tagged according to law, was put upon the defendant by delivering to a colored driver for him, with these illegally obtained and fraudulently attached symbols of a falsehood, and thus evidence of a crime under the laws of the state, thus fraudulently deceiving and cheating him. No inspector ever looked on this mixture, and some of the same proved wholly worthless in the hands of another party who used it.

Whether worthless or not is wholly immaterial. It was criminal to sell it. Code, §§1553 (a) to (g), 1575, 1576, (a) (d), (g); and the whole contract was absolutely illegal and void, and could not be recovered upon in any court in this state, even if in the hands of a *bona fide* holder without notice. 65 *Ga.*, 129; 63 *Ib.*, 215. The case in the 65th covers this all four. The verdict should have been set aside and a new trial granted; and the court erred in overruling defendant's motion therefor.

Judgment reversed.