Hall, J.
1. Where a suit was brought against a firm, and in addition to the general issue, the defendants filed a plea that they were *191 not liable on the account sued on for the reason that they never at any time bought said bill of goods from the plaintiff, nor did they authorize any one else to purchase the same or authorize the plaintiff to sell the goods to any one, a verdict for the plaintiff against one of the partners, if warranted bjT the evidence, would be sustained, and would not furnish any ground fora motion in-arrest of judgment. If the proof showed that onl3' one of the defendants was liable, the declaration could have been amended on objection, and evidence of his liability having been admitted without objection, a verdict against him will be sustained. 68 Ga., 255; 18 Id., 609.
(a.) There was no material error in charging that the jury might find against both defendants, or against one of them only (if they found for the plaintiff) according to the truth as it appeared from the evidence.
(b.) A misjoinder of the defendant is matter for a dilatoiy plea, or plea in abatement, and must be taken advantage of at the first term of the Court. 70 Ga., 578,-585.
' (c.) Where suit was brought agains.t a firm, composed of two members, and the jury found in favor of the plaintiff against one of the partners, a reasonable construction is to be given to the finding, which will not avoid it, except from necessity, and so doing, the verdict will be construed as finding in favor of the other partner. Code, §3561 and cit. Central railroad vs Freeman, (present term.) (1 Georgia Law Reporter 133 )
2. It is bad practice for a judge to certify statements of his charge in a motion for new' trial, which are not correctly set forth, qualifying his approval with the statement that the ground should be corrected by reference to his charge, which is appended to the motion. The grounds should be made to speak the exact truth, or the judge should refuse to certify to their correctness.
(a.) Where suit was brought against a firm, to recover for goods alleged to have been furnished on account of the partners, and at their request to a third- party, and evidence was introduced to show that this was done at the instance of one of the partners, but not of .the firm, it was proper to submit to the jury the questions at issue, and to leave them to decide on whose credit the goods were really furnished. The manner in which the charges were made, would furnish proof to whom the goods were sold, unless it were shown to the satisfaction of the jury that the real contract was that the goods were furnished on the credit of another than him to whom they were charged, if this were done, the manner in which the charge was made would then become immaterial. 71 Ga., 163. 175.
(b.) The charge excepted to, in connection with its context, sub *192 stántially covered this principle. If fuller instructions were desired, they should have been asked.
T. B. Cabaniss; W. D. Stone, for plaintiffs in error.
Berner & Turner, for defendant.
Judgment affirmed.