## 6609. INTERNATIONAL AGRICULTURAL CORPORATION v. SPENCER.

1. An illegal and void contract becomes an immoral contract when it is made a crime by statute (*Rhodes* v. *Beall,* 73 *Ga.* 641; *Exchange Bank* v. *Henderson,* 139 *Ga.* 260, 263, 77 S. E. 36, 51 L. R. A. (N. S.) 549); and a promissory note given for an illegal and immoral consideration is void and its collection can not be enforced by law, even in the hands of an innocent purchaser for value before due and without any notice of defenses to it. Civil Code, §§ 4256, 4286; *Johnston* v. *McConnell,* 65 *Ga.* 129, 131; *Conley* v. *Sims,* 71 *Ga.* 161; *Cunningham* v. *National Bank,* 71 *Ga.* 400 (51 Am. R. 266); *Smith* v. *Wood,* 111 *Ga.* 225 (36 S. E. 649).

2. Where a suit is brought against the maker of a promissory note given for the purchase-price of fertilizer, the maker is not estopped from setting up as a defense that the fertilizer was sold to him without the seller first complying with the law in reference to inspection, analysis, branding, and tagging, although it is expressly stipulated in the note itself that the maker agrees that the fertilizer sold to him "has been inspected, properly branded, and tagged according to law." This is true although the suit is brought by an innocent holder of the note, who purchased it for value and before it was due. Political Code, §§ 1772, 1794; Penal Code, § 643; *Kleckley* v. *Leyden,* 63 *Ga.* 216; *Johnston* v. *McConnell,* supra; *Conley* v. *Sims,* supra; *Faircloth* v. *DeLeon,* 81 *Ga.* 158 (7 S. E. 640).

3. It appearing undisputed in the record that the consideration of the note sued upon was the sale of certain property alleged to be commercial fertilizer, contained in sacks which bore no marks as to weight, brand-name or trade-mark, or guaranteed analysis, in accordance with the mandatory provisions of the Political Code, § 1772, the sale and contract evidenced by the note was wholly illegal, and the court did not err in holding the contract sued upon to be void and unenforceable, and in directing a verdict for the defendant.

DECIDED FEBRUARY 17, 1916.

Complaint; from city court of Jefferson—Judge Wheeler presiding. May 8, 1915.

*Cobb, Erwin & Rucker,* for plaintiff.

*Wolver M. Smith,* for defendant.

BROYLES, J. The ruling in the case of *Ball* v. *Powers,* 62 *Ga.* 757, cited by the plaintiff in error, does not apply to this case. There it was held that "while negotiable paper drawn, delivered, and accepted on Sunday, is void between the parties, yet, if it is falsely dated as of another day, and comes to the hands of an innocent holder, who takes it for value, without notice and in the due course of trade, the acceptor is estopped in a suit against him

by such holder." In that case the consideration was legal, and the note was held void merely because it was signed on Sunday, while in the instant case the consideration itself was illegal and immoral. Neither is our ruling contrary to the decision in *Heard* v. *National Bank,* 143 *Ga.* 48 (84 S. E. 129), which is strongly relied upon by the plaintiff in error. There the court was construing the act (Acts of 1912, p. 153) making it a crime, in .the sale of certain stocks, to omit to express .the consideration on the face of the notes given for the purchase of the same, and it was held that "where a negotiable note is given for such stock, but does not express on its face the consideration, a bona fide purchaser for value before due and without notice takes free from any defense by the maker on account of equities between the original parties." But there is a material difference between that act and the fertilizer act. As was said by the Supreme Court in *Heard* v. *National Bank,* supra, "The act of August 17, 1912, declares that all promissory notes, contracts, or other evidences of debt, given for the purchase-price of stock in any incorporated company, and ˙sold by any peddler, ˙agent, or traveling salesman or promoter, traveling for the purpose of making sales, shall have expressed on the face of such notes, contracts, or other evidences of debt, the consideration thereof. It is provided that the act shall not apply to sales after the original purchase-price has been paid and certificates of stock have been issued. It is further declared that any person who may purchase any note, contract, or other evidence of debt, given for such stock, 'when the consideration is expressed in the face of the note or contract as required in section 1, whether before due and without notice or otherwise, where the consideration is so expressed, shall take the same with all the equities existing between the original parties and the maker of such note, contract, or other evidence of debt, and the maker shall have the right to make any .defense to the payment of same as against such purchasers that could have been made against the ˙original payee.' It is made a misdemeanor to sell stock without expressing the consideration in the face of the note, contract, or other evidence of debt taken therefor. While this act requires the sellers of such stock to express the consideration on the face of the note or contract taken therefor, and makes it a misdemeanor to fail to do so, it does not declare that the note shall be void in the hands of an innocent purchaser before due and

without notice. It declares that the purchaser of such a note, contract, or evidence of debt shall take subject to the equities between the original parties, and with the right to make any defense against the holder that could have been made against the original payee, 'where the consideration is expressed in the face of the note or contract.' This clearly contemplates that an innocent purchaser of a negotiable instrument before due and without notice will be protected, except where the consideration is stated in the face of the instrument."

On the other hand, in the decisions construing the fertilizer act, it is clearly and specifically held that no waiver or undertaking in the contract for the purchase of commercial fertilizers, *or in the note given for the price,* will bar or estop the buyer from pleading the want of legal inspection. *Faircloth* v. *DeLeon,* 81 *Ga.* 158 (7 S. E. 640). As was said by Chief Justice Bleckley in that case (p. 161), "The waiver or covenant relied upon is as much a part of the forbidden contract as is the promise to pay for the goods. If the executory contract is void for illegality as to the promise, it must also be void as to waiver and covenant. What consideration was there for these latter, except the very same as for the former, to wit, the illegal sale? Public policy forbids that any executory stipulation based on an illegal transaction, and deriving no efficacy from any other, shall be an obstacle to opening the transaction to inquiry at the instance of the innocent or less guilty party. The violator of a public law can not shun the consequences, even the civil consequences, by making terms and conditions with the other party concerned." It is true that in that case suit was brought against the maker of the note by the original payee, but when we consider the fertilizer act and the construction that the courts have uniformly placed upon it, we think the same ruling would apply in a case where the suit is brought by an innocent third person. The fertilizer act is sui generis, and it was evidently the intention of the legislature, in passing it, to make the sale of uninspected and unbranded fertilizers such a void transaction that a promissory note given for the purchase-price thereof should be absolutely void, even in the hands of an innocent purchaser before due and without notice, and that the maker of such a note should not be estopped by anything in the note from pleading the immoral and illegal consideration thereof. *Judgment affirmed.*