### 7789. JONES *v.* CRAWFORD *et al.*, receivers.

Where a life-insurance agent entered into a contract with a person to insure his life, and agreed to rebate a part of the first premium, and took a note for the amount of the premium less the amount of the rebate, the agreement to rebate was an integral part of the contract which culminated in the giving of the note, and, the agreement to rebate being illegal and void, the note given in furtherance of the contract was itself illegal and void.

DECIDED SEPTEMBER 19, 1917.

Complaint; from city court of Cairo—Judge Willie. July 19, 1916.

The Bank of Whigham sued R. H. Jones on his promissory note, payable "to the order of myself," and indorsed by him and others, the bank alleging that it was the holder and owner of the note, and that the note was due and unpaid. The defendant filed a plea in which he admitted a prima facie case in the plaintiff, and assumed the burden of proving his defenses. He further pleaded that the note was void because it was given for a part payment of the first premium on an insurance policy, and that the agent of the insurance company, W. V. Wall, allowed to him, as a rebate and special inducement not allowed to other persons, a reduction from the premium, and also, as an additional rebate, the interest from the date of the note, to wit, January 25, 1913, until its maturity on December 1, 1913, and that "the said note, because of the above-stated facts, is absolutely null and void, being part of an illegal, immoral, and criminal transaction which courts of law may punish but can not enforce." The plea further alleges that "O. C. Spence, one of the alleged indorsers of said note, was acting with and assisting said W. V. Wall in all of the said transaction, and was then and there a vice-president of the Bank of Whigham, the plaintiff," and further alleged that the bank had notice of the vice in the note, "through the said vice-president."

The plaintiff, by way of replication, amended its petition and

denied "that it had any notice of any of the defects set forth in defendant's plea," and alleged "that it purchased said note before maturity for value and in good faith." The plaintiff demurred to the defendant's answer, as follows: "1st. Because the facts alleged show no immoral, illegal, and criminal consideration. 2d. Because the facts as alleged show a valid transaction. 3d. Because it is not shown in what way O. C. Spence was connected with said transaction. 4th. Because it is not shown how the knowledge of said transaction was brought to plaintiff. 5th. Because it is not shown that knowledge of said transaction was acquired by the said O. C. Spence while in the discharge of his duties as an officer of plaintiff. Plaintiff demurs to paragraph 5: 1st. Because it is not alleged that plaintiff is not an innocent purchaser. 2d. Because it is not shown how the knowledge of said O. C. Spence as to the condition of the insurance company was notice to plaintiff. Plaintiff demurs to paragraph 5, and especially subparagraph (d): 1st. Because the allegations therein are mere conclusions. 2d. Because it is not shown that said O. C. Spence acquired such knowledge while in the discharge of his duties as an officer of plaintiff." The judge sustained the demurrer, on all of its grounds, and struck the plea.

*M. L. Ledford, Claude Christopher,* for plaintiff in error.

BLOODWORTH, J. (After stating the foregoing facts.) It is of course neither illegal, immoral, nor criminal for an insurance agent, in good faith, to take a note for the full amount of the first premium on the policy sold, but in the instant case the plea alleges that a note was taken, due at a future date, without interest, for an amount less than the premium, and the amount of this deduction and the failure to charge interest was a rebate given the insured; and it is insisted that it was unlawful for the agent to give this rebate, and that, as the note is a part of this "illegal, immoral, and criminal transaction," the note is null and void. We agree with this contention of the defendant. Under the pleadings the agreement to rebate, which culminated in the giving of the note for an amount less than the premium, was an integral part of the contract,—a contract under which both the insured and the agent were subject to prosecution. The statute (Ga. L. 1912, pp. 119, 129; 2 Park's Ann. Code, § 2440 (b)) declares that no insurance agent "shall enter into any contract to rebate any insur-

ance premium or any part thereof of any insured or other person,"
and that "Any person acting as agent for any insurance company
and the party receiving the benefit of any such rebate or discrim-
ination in violation of this section shall be deemed guilty of the
offense of misdemeanor and shall be punished as provided in sec-
tion 1065 of the Penal Code." In 2 Comp. Laws of Michigan,
paragraph 7219, we find a statute somewhat similar to ours and in
part as follows: "nor shall any such company or agent pay or al-
low, or offer to pay or allow, as inducement to insurance, any re-
bate of premium payable on the policy, or any special favor or
advantage in the dividends or other benefits to accrue thereon, or
give or make any valuable consideration or inducement whatever
not specified in the policy contract of insurance. Any company
which shall violate any of the provisions of this section shall for-
feit to the State the sum of five hundred dollars for each viola-
tion, to be recovered by the attorney-general by appropriate action
in any court of competent jurisdiction; and any judgment there-
for may be collected in the same manner as herein provided for
collecting judgments rendered in favor of policyholders. And
any officer or agent who shall violate any of the provisions
of this section shall be deemed guilty of a misdemeanor, and,
upon conviction thereof, shall be punished by imprisonment
in the county jail not exceeding one year, or by a fine of
not less than fifty dollars and not exceeding five hundred dollars,
or by both such fine and imprisonment in the discretion of the
court." A suit was brought upon a note for $139, which was
given for a half of the first premium on an insurance policy. The
defendant pleaded, that, as an inducement for him to take the
policy, "plaintiff offered to give him the benefit of the agent's com-
mission, viz., one-half of the premium, and take defendant's note
for the remainder, i. e., $139, and that this reduction of the first
premium was a violation of Act No. 171 of the Public Acts of
1889, being 2 Comp. Laws, § 7219, and rendered the policy illegal
and void." The headnote of the decision of the Supreme Court
in that case says: "2 Comp. Laws, § 7219, makes it a misde-
meanor for a life-insurance agent to pay or allow any rebate of
premium as an inducement to insurance. In an action by such
agent on a premium note, the amount of which he had paid to the
company, it appeared that he had induced defendant to take the

insurance by giving him the benefit of the agent's commission of one-half of the premium, taking the note in suit for the balance. *Held,* that the note was void for want of consideration, by reason of the illegality· of the insurance contract." Heffron *v.* Daly, 133 Mich. 613 (95 N. W. 714).· In the decision Chief Justice Hooker, in referring to the charge of the circuit judge to the jury, said: "He instructed them that the note was not void by reason of the violation of the statute. 2 Comp. Laws, § 7219. In this we think he erred. The contract of insurance was prohibited by law, and the act of making it was a penal act. The contract was therefore illegal, and, being so, the consideration for the note failed." Like the Michigan statute, the Georgia law quoted above expressly prohibits insurance agents from entering into any contract to rebate insurance premiums or any part thereof, and said law also makes the act of the agent in doing so a penal one. As the act of rebating is illegal, the note sued on is illegal and void, because given in consideration of a contract of which a part of the consideration is in express violation of a statute that makes its violation a crime. The note is tainted with the illegality which attached to the original contract.

Under the decisions of this court and the Supreme Court, "an illegal and void contract becomes an immoral contract when it is made a crime by statute (*Rhodes* v. *Beall,* 73 *Ga.* 641; *Exchange Bank* v. *Henderson,* 139 *Ga.* 260, 263 (77 S. E. 36, 51 L. R. A. (N. S.) 549)); and a promissory note given for an illegal and immoral consideration is void and its collection can not be enforced by law, even in the hands of an innocent purchaser for value before due and without any notice of defenses to it." *International Agricultural Corporation* v. *Spencer,* 17 *Ga. App.* 649 (87 S. E. 1101); Civil Code, §§ 4256, 4286; *Johnson* v. *McConnell,* 65 *Ga.* 129, 131; *Conley* v. *Sims,* 71 *Ga.* 161; *Cunningham* v. *National Bank,* 71 *Ga.* 400 (51 Am. R. 266); *Smith* v. *Wood,* 111 *Ga.* 225 (36 S. E. 649); *Leonard* v. *American Life &c. Co.,* 139 *Ga.* 274 (77 S. E. 41). In addition to the above, the plea of the defendant shows that he and the insurance agent were "participators in a common crime," the one giving and the other receiving the rebate, and "Where parties engage in illegal transactions, the courts will not interpose to grant any relief. The principle of public policy is, that no court will lend its aid to a man upon an illegal or an

immoral act, but will leave the parties where it finds them, no matter how the illegality of the contract may be brought before it, whether by direct suit or by way of set-off. 3 *Ga.* 182; 11 Ib. 547; 21 Ib. 46; 41 Ib. 315." *Thompson* v. *Cummings*, 68 *Ga.* 128. "In courts of equity, the general rule is, that where parties are concerned in illegal agreements or other illegal transactions, whether they are mala prohibita or mala in se, the court, following the rule of law as to participators in a common crime, will not interpose to grant any relief; acting upon the well known maxim, in pari delicto potior est conditio defendentis et possidentis. In all such cases, the rule is for the court to leave the parties where it finds them, giving no relief and no countenance to claims of that character." *Carey* v. *Smith*, 11 *Ga.* 540 (5). See also *Bugg* v. *Towner*, 41 *Ga.* 315; *Tompkins* v. *Compton*, 93 *Ga.* 525 (21 S. E. 79); Ohio Life Ins. & Trust Co. *v.* Merchants Ins. &c. Co., 11 Humph. 1 (53 Am. D. 742); *Johnson* v. *McConnell*, 65 *Ga.* 129-131; *Conley* v. *Sims*, 71 *Ga.* 161. The facts in this case readily distinguish it from *Heard* v. *National Bank of Wilkes*, 143 *Ga.* 48 (84 S. E. 129), and similar cases.

For the reasons above stated, the court erred in striking the plea of defendant and in rendering judgment for the plaintiff.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*