11715. DUNSON & BROTHERS CO. *v.* SMITH SEED CO.

LUKE, J. 1. A contract is not unilateral where it consists of a written and signed order for specified goods at stated prices and of the addressee's written and signed acceptance of the order. See Park's Ann. Code, § 4230, with annotations under the catchword "Unilateral."

2. Where a promissory note recites no consideration except in the words "for value received," and suit is brought thereon by the payee against the maker, the real consideration of the note may be inquired into as far as may be necessary to the defense pleaded.

3. But in a suit by the payee against the maker of a promissory note reciting that it was given "for value received," a contemporaneous parol

agreement cannot be engrafted thereon by the defendant by testimony to the effect that, while the defendant, at the time of executing the note, actually received from the plaintiff the principal sum thereof, yet the defendant had a prior cause of action against the plaintiff, "and said note was to be a set off against the demands of said [defendant] against said [plaintiff] in this case, and was so understood at the time of the execution and delivery of said note." Civil Code (1910), §§ 4268, 5788, 5791; *Chamberlin* v. *Beck*, 68 *Ga.* 346 (5). The alleged parol agreement being inconsistent with the unambiguous terms of the note sued on, the portion of the plea above indicated set forth no defense.

4. The remainder of the plea being a cross-action upon a contract, and not an action for a breach thereof, to recover the entire purchase-price of goods which the plaintiff had bought from the defendant but had refused to take and pay for, and it being nowhere alleged that the defendant had stored or retained the property for the vendee, in accordance with the terms of § 4131 of the Civil Code (1910), the plea as a whole set forth no valid defense, and was subject to the motion to dismiss presented at the trial of the case. *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. Rep. 112).

5. The court having erred in failing to strike the defendant's plea on motion, all the subsequent proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 13, 1921.

Complaint; from Muscogee superior court — Judge Howard. May 14, 1920.

*M. U. Mooty, Love & Fort,* for plaintiff.

*McCutchen & Bowden,* for defendant.