16519.   COMMERCIAL BANK OF ATHENS, for use, etc., *v.*
COHEN.

A check given for whisky, being for an illegal consideration, is void, and
therefore not enforceable even by an innocent purchaser of the check.
Under the facts of this case the signer of the check sued upon was not
estopped from setting up its invalidity.

DECIDED DECEMBER 22, 1925.

Complaint; from Clarke superior court—Judge Fortson.   April
10, 1925.

The Commercial Bank of Athens brought suit, for the use of
Frank Posterio, against Edward M. Cohen, upon a check for $375.
The defendant filed a plea alleging that the check was given to
L. B. Haar as the purchase price of a certain lot of whisky bought
by the defendant from Haar, and which was to be delivered by him
but was never delivered.   There was no contradiction of defendant's
testimony to the effect that the check was given to Harr for whisky.
The plaintiff, by amendment, alleged that the defendant was es-
topped from claiming immunity from liability on the check to the
bank (which cashed it), for the reason that he obtained notice that,
notwithstanding Haar's failure to deliver the whisky as agreed, the
holder of the check was peddling the check around town, attempt-
ing to have it cashed, and that he ought to have notified the banks
of the city not to cash it, when he had ample time and opportunity
so to do.   The evidence showed, however, that the check was given
after banking hours, and was cashed after hours by a different
bank than the drawee, in about thirty minutes from the time that
the drawer knew that he had attempted to procure an individual
to cash it.   Upon the conclusion of the evidence the court directed
a verdict for the defendant.   The plaintiff assigns error thereon.

*Lamar C. Rucker,* for plaintiff.

*Erwin, Erwin & Nix,* for defendant.

JENKINS, P. J.   (After stating the foregoing facts.)   1.   In de-
termining the rights of a bona fide holder for value of a check
given by the drawer in payment for intoxicating liquors, section
4251 of the Civil Code (1910), which declares, "A contract to do
an immoral or illegal thing is void," is to be construed in connec-
tion with section 4286, which declares that the bona fide holder for
value of a draft, or other negotiable instrument, who receives it
before it is due, and without notice of any defect or defense, is

protected from any defense set up by the signer, except those therein specifically named, one of which is where the contract is based on a "gambling, or immoral and illegal consideration." The use of the word "and" in the latter section does not seem to acquire any controlling significance, since the first section, which makes the illegal instrument void, uses the disjunctive "or." Where a note or check is based on an illegal consideration, section 4251, supra, declares the instrument to be void, and it is unenforceable anywhere. *Johnston* v. *McConnell,* 65 *Ga.* 129 (2). The rule is different where the consideration is not illegal and the instrument void, but the infirmity consists merely in noncompliance with a statutory requirement, such as failure, under what is known as "the blue-sky law," to insert the consideration in the face of the instrument. *Smith* v. *Wood,* 111 *Ga.* 221 (1) (36 S. E. 649); *Heard* v. *National Bank of Wilkes,* 143 *Ga.* 48, 50 (84 S. E. 129). Moreover, it was held in *International Agricultural Corporation* v. *Spencer,* 17 *Ga. App.* 649 (1) (84 S. E. 129), that "an illegal and void contract becomes an immoral contract when it is made a crime by statute." Thus, a check given for such an illegal and immoral consideration being void, it can not be enforced by law, even in the hands of an innocent purchaser for value before due and without any notice of defenses to it. *Crigler* v. *Laramore,* 18 *Ga. App.* 132 (88 S. E. 901).

2. Under the facts disclosed by the record, no question of estoppel is involved. The signer of the check having the legal right to stand upon its invalidity, it was not incumbent upon him to notify the general public that the instrument was void. There are some authorities to the effect that where the signer of such an instrument fraudulently induces a bona fide purchaser to acquire it, he is estopped from contesting its validity. See 15 L. R. A. (N. S.) 1023; *Ball* v. *Powers,* 62 *Ga.* 757. No such question arises here. In point of fact the check was given after banking hours, and was cashed after hours by a bank other than the drawee, within about thirty minutes or less from the time that the defendant was apprised that the holder had attempted to obtain the money thereon from an individual. See *Comer* v. *Dufour,* 95 *Ga.* 376, 378 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. Rep. 89).

*Judgment affirmed. Stephens and Bell, JJ., concur.*