27200. ADAMS *v.* COFFEE.

DECIDED MARCH 1, 1939.

*A. Russell Ross, Bernard Williams,* for plaintiff in error.
*O. J. Franklin,* contra.

FELTON, J. Cynthia Coffee sued Willie Adams on five promissory notes which were executed by Willie Adams, payable to I. C. Coffee, and which were set apart to Cynthia Coffee as a year's support upon the death of I. C. Coffee. Willie Adams pleaded that in 1930 he orally purchased from I. C. Coffee 50 acres of land for $500, without interest, and paid on the purchase-price, through 1935, the sum of $491; that in 1936 I. C. Coffee advised him that the Federal Land Bank was lending money to farmers for the pur-

poses of making improvements and paying indebtedness on their farms, and that Adams could obtain a loan to improve his farm if he could show that there was an indebtedness thereon; that he executed the notes sued upon and delivered them to Coffee, who in turn executed and delivered to Adams a bond for title to the lands; that the notes and bond were antedated five years—the bond recorded five years after its date; that the proceeds of the loan were to be used to pay the balance of $9 due Coffee, and the balance was to be turned over to Adams for the improvement of his farm; that if the loan was not made the notes and bond for title were to be surrendered, and Adams was to pay the $9 balance from other sources; that the loan was not made and Coffee died before returning the notes. The evidence substantially supported the allegations, and there was no conflict. The judge directed a verdict for the plaintiff, and the defendant excepted.

1. The agreement between Coffee and Adams to enter into the fraudulent scheme to obtain a loan from the Federal Land Bank was both immoral and illegal. It involved false and fraudulent representations to the Federal Land Bank to induce the making of a loan not authorized by law. In such circumstances the courts will leave the parties where it finds them, and will not aid either in the enforcement of the contract. The contract in this case was between Coffee and Adams, and Mrs. Coffee stands in the place of the original contractor since the title to the notes went to her by the judgment awarding a year's support subsequently to the maturity dates of the notes. This rule of law applies whether the illegality of the contract appears from the plaintiff's case or is set up by way of defense. *Benson* v. *Georgian Co.*, 21 *Ga. App.* 448 (94 S. E. 644), and cit. The fact that the Federal Land Bank was not a party to the contract or to the case is immaterial, because the contract between Coffee and Adams contemplated the illegal representations to the bank for the purposes stated. These formed a part of the contract and scheme entered into by Coffee and Adams. The court erred in directing a verdict in favor of the plaintiff Mrs. Coffee.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., concurs in the judgment.*