### 27479. ALLEN v. OWEN.

DECIDED JUNE 17, 1939.

*T. S. Candler,* for plaintiff in error. *G. Fred Kelley,* contra.

FELTON, J. Mrs. Annie E. Owen sued G. E. Allen on a promissory note. Allen by his answer admitted the execution of the note, but set up that Mrs. Owen promised him a sum of money to swear falsely in a case in which she was interested; that he did swear falsely and that on account of his so swearing Mrs. Owen prevailed in her litigation; that thereafter Mrs. Owen did not give him the money she had promised, but gave him a smaller sum, $600; that when she gave him the money for so swearing she suggested that he give her a note for the money, in order to conceal the transaction leading to his false testimony, which note she promised not to enforce. This is the note sued on. The plaintiff demurred generally to the answer. The defendant excepted to an order sustaining the demurrer and dismissing the answer.

The plaintiff is seeking to enforce an executory contract. Construing the allegations of the answer as true, for the purposes of demurrer, the giving of the note in question was clearly a part and parcel of an illegal, immoral, and wholly reprehensible transaction; and it is too well settled to require elaboration that the courts of this State will not lend their aid to the enforcement of such a contract. *Adams* v. *Coffee,* 59 *Ga. App.* 528 (2 S. E. 2d, 155); *Benson* v. *Georgian Co.,* 21 *Ga. App.* 448 (94 S. E. 644), and cit. Nor does it matter that the defendant is seeking to set up his

unlawful conduct. *Howell* v. *Fountain,* 3 *Ga.* 176, 182 (46 Am. D. 415). It is insisted by counsel for the defendant in error that the plaintiff in error is seeking to contradict and vary the terms of a written contract by parol. While there are certain allegations in the answer which seek to do so, the defense is not based on this ground. The answer admits that the terms of the contract are as shown thereby; and the defense is not that there was a condition by parol that the promise was not as represented by the writing, or that the promise is not to be enforced, but that the promise itself is a part of an immoral and illegal transaction, and therefore that a court will not lend its aid to an enforcement of the promise which remained executory. The answer brings into issue the legality of the consideration for the promise, which may always be inquired into except when the consideration expressed is a material term in the contract, which is not the case here. *Jones* v. *Crawford,* 21 *Ga. App.* 29 (93 S. E. 515) ; *Adams* v. *Coffee,* supra. This ruling is not in conflict with the rulings in *Hirsch* v. *Oliver,* 91 *Ga.* 554 (2) (18 S. E. 354), *Dunson* v. *Smith,* 26 *Ga. App.* 585 (3) (106 S. E. 914), and numerous other cases wherein it was held that where there is a valid and legal consideration for a note or contract, parol evidence is not admissible to engraft on the written promise to pay a condition that it should not be paid. Such a condition is a plain contradiction of the promise to pay. In this case the gist of the defense is not the condition of the promise to pay, but the fact that the promise is a part of an immoral and illegal transaction, which involves both the idea of the legitimacy of the consideration and the principle that the court will not lend its aid to the enforcement of a promise which is part of such an alleged immoral and illegal transaction. In the absence of the allegations as to the immoral and illegal scheme, the parol condition not to enforce would of course not be effective. The answer set up a good defense to the note sued on, and the truth of the questions should have been submitted to a jury. The court erred in sustaining the demurrer to the answer and in dismissing it.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*

STEPHENS, P. J., dissenting. The defendant's plea sets up a contemporaneous parol agreement, without consideration, by which he is relieved of his obligation expressed in the note, which is an

212

unconditional promise by the defendant to pay to the plaintiff the money which the defendant received from the plaintiff. The plea fails to set out a defense to the note. See *Hirsch* v. *Oliver,* 91 *Ga.* 554 (2), and *Dunson* v. *Smith,* 26 *Ga. App.* 585 (3), supra. I am of the opinion that the court did not err in striking the defendant's plea, and in causing a verdict and judgment for the plaintiff to be rendered. I therefore dissent from the judgment of reversal.