30890.   DEATON *v.* JOHNSON.

DECIDED JUNE 14, 1945.

*H. J. McBride,* for plaintiff.

*J. L. Smith, D. B. Howe,* for defendant.

FELTON, J.   F. E. Deaton filed a dispossessory warrant against Mrs. Samuel Johnson the grounds of which were that Mrs. Johnson was in default in the payment of rent and was holding over beyond her term.   The court directed a verdict for the defendant.   The plaintiff lessor excepts to the overruling of his motion for a new trial.   The evidence showed without dispute substantially as follows:   The original lease was between F. E. Deaton, lessor, and Harry Springer, lessee, dated October 21, 1943; paragraph "a" of the lease is as follows:   "That the party of the first part rents and leases to the party of the second part said café together with the fixtures and appliances therein for a period of twelve months at and for the sum of $150 per month;" paragraph "j" of the lease is as follows:   "There being in said place of business two slot machines that are being operated, and the operation of same being part of the consideration for the rental and lease of said property by the party of the second part, it is agreed by the party of the first part that if said slot machines are closed and removed by the legal authorities of the county or city of Tallapoosa, that the rental to be paid by the party of the second part shall be $75 per month instead of $150, as above stated."   Two days after entering the premises under the lease Springer was informed by the police that unless he ceased to operate the slot machines—the evidence disclosed that the machines were gambling machines—he would be prosecuted; Springer obeyed the admonition and returned the machines to the owner; on November 9, 1943, Springer assigned the lease to Mrs. Samuel Johnson, which assignment was approved by Deaton on December 15, 1943; for the few days during which

the slot machines were in operation Springer paid rent at the rate of $150 per month, and at the rate of $75 for the remainder of the period during which he occupied the premises; Mrs. Johnson thereafter paid to Deaton through his wife as authorized agent $75 per month; under the terms of the lease Mrs. Johnson was entitled to an additional twelve months from October 21, 1944, by virtue of notice in writing to that effect.

1. It is the contention of the plaintiff in error, the lessor, that the provision with reference to the slot machines is illegal and should be abstracted bodily from the contract, and that when such operation is completed there remains a valid contract obligating the lessee to pay unconditionally $150 per month rent. Pretermitting the question whether the lessor could accept $75 per month for several months as full rent, and then demand $150 without notifying the lessee of intention to return to the strict alleged terms of the contract, the decision of other questions will show the correctness of the court's action. Paragraph "j" delimits and qualifies paragraph "a". The two paragraphs are not inconsistent and were without question intended by the parties to be applicable and binding, and to be construed together, and so construed, to determine the rights of the parties. Paragraph "j" enters into the whole contract and taints the whole with illegality at least so far as it provides for the payment of an additional $75 per month rent, if it be assumed that the illegal provision taints the agreement as to Mrs. Johnson. It is not necessary to decide whether the whole lease is void. If the argument of the plaintiff in error is correct it would tend to promote rather than prohibit the making of illegal contracts, because under such a manipulation any illegal contract provision could be so arranged in the contract as to make the contract legal in spite of the intention of the parties that the illegal provision should be binding until attacked for illegality. Mrs. Johnson was not in default as to the $75 per month rent, and the lessor could not under the law assert any such right affirmatively in a court of law. The law leaves parties to illegal contracts where it finds them. *Flournoy* v. *Highlands Hotel Co.* 170 *Ga.* 467, 471 (153 S. E. 26); *Adams* v. *Coffee,* 59 *Ga. App.* 528 (2 S. E. 2d, 155). On the other hand if the contract can be said to be entirely legal as between Deaton and Mrs. Johnson because as between them there was no intention by either

to do anything in violation of the public policy of this State, the conditions giving rise to such intentions between the original parties having been removed before the lease was assigned, there would be no liability on Mrs. Johnson for more than $75 per month. Under either view a verdict was demanded for the defendant.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Sutton, P. J., and Parker, J., concur.*