## Jones *et al. v.* Dinkins *et al.*

Candler, Justice. This litigation was instituted by Mrs. Janie Jones Dinkins, individually and as attorney in fact for others, against Smith Jones and others. The acts complained of emanate directly from and grow out of the following occurrences and transactions: David Jones died in 1913, owning at the time of his death certain lands in Crawford County, a part of which he had previously conveyed to Alfred Shepard as security for a loan. The deceased left 8 children and Smith Jones, a son of the deceased, qualified as administrator of his estate and served as such until 1920, but did not pay the obligation due Shepard. Shepard died in 1920 and his daughter, Mrs. Alice Crandall, became the owner of his claim against the estate and began pressing for its payment. Administration of the estate was closed in 1920 and during October of that year, seven of the children of David Jones, including Smith Jones, gave their sister, Mrs. Janie Jones Dinkins, power of attorney to represent them in all matters pertaining to the estate of David Jones, including the authority to sell and convey their interest in the lands of the estate. In 1922, Smith Jones, who was at that time cultivating the lands of the estate, was "given encouragement about a Federal Land Bank loan" for the purpose of paying the Shepard debt. On July 25, 1922, Janie Jones Dinkins, believing that Smith Jones, as an actual farmer, would stand a better chance under the terms of the farm-loan act to obtain such a loan, conveyed the lands of the estate to him for a recited cash consideration of $3500; however, on July 31, 1922, she had Smith Jones reconvey an undivided seven-eighths interest in the same lands to her, but on advice of her counsel she withheld the latter deed from record until she learned that Smith Jones had obtained his loan from the Federal Land Bank. The deed of reconveyance from Smith Jones to Janie Jones Dinkins recites that the deed from Janie Jones Dinkins to Smith Jones was executed for the purpose of enabling Smith Jones to obtain a loan of $2500 from the Federal Land Bank, the proceeds from which loan were to be used by him in paying the Shepard debt. It also recites: "It being understood and agreed, that as a part of the consideration that the said Smith Jones, party of the first part, after paying the annual installments of principal and interest specified in the contract and security deed which he is to sign in favor of the Federal Land Bank, and the taxes due each year, that the excess from the rent of said land shall be prorated or equally divided between said party of the first part and parties of the second part each year until said debt in favor of said Federal Land Bank has been fully discharged, or until said land has been sold, at which time the proceeds, after paying off the debt in favor of the Federal Land Bank shall be equally distributed between said parties, share and share alike, they all being heirs at law of David Jones, deceased, who originally executed said security deed in favor of said Shepard on said land." The reconveyance from Smith Jones also provides that he is to sell or encumber his interest in the land whenever Janie Jones Dinkins may decide to sell or encumber the seven-eighths interest conveyed to her thereby. Subsequently and on March 23, 1923, Smith Jones conveyed the David

Jones lands to the Federal Land Bank of Columbia as security for a loan of $2500, and the security deed which he gave the bank recites: ". . and the said parties of the first part hereby represent and covenant that they are lawfully seized of said property in fee simple, and that it is unencumbered." After Smith Jones's loan from the Federal Land Bank was closed, and on September 8, 1923, the deed from Smith Jones to Mrs. Dinkins was duly recorded in Crawford County. The land in question was sold on September 5, 1944, at public sale and under the power of sale contained in the security deed from Smith Jones to the Federal Land Bank. Of such sale, the deed made pursuant thereto to L. A. Slade, the purchaser, and a subsequent deed by Slade to Bessie Jones, the plaintiffs complain and pray for relief by injunction, cancellation of deeds, and an accounting for rents, profits and timber sales, basing their right to such relief on the deed which Smith Jones gave them on July 31, 1922. The case is here for review on an exception to a judgment overruling general and special demurrers to the petition as amended. *Held:*

1. No action can be maintained in the courts of this State to obtain relief for a wrong growing out of an immoral or illegal transaction, whether malum prohibitum or malum in se. *Howell* v. *Fountain,* 3 *Ga.* 176 (46 Am. D. 415). In such a case, the court will leave the parties where it finds them, no matter whether the illegality of the transaction appears from the plaintiff's case, or is set up by the defense. *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320; *Bugg* v. *Towner,* 41 *Ga.* 315; *Puckett* v. *Roquemore,* 55 *Ga.* 235; *Garrison* v. *Burns,* 98 *Ga.* 762 (26 S. E. 471); *Postelle* v. *Rivers,* 112 *Ga.* 850 (38 S. E. 109); *Sessions* v. *Payne,* 113 *Ga.* 955 (39 S. E. 325); *Benson* v. *Georgian Company,* 21 *Ga. App.* 448 (94 S. E. 644); *Allen* v. *Owen,* 60 *Ga. App.* 210 (3 S. E. 2d, 467). In *Bugg* v. *Towner,* supra, a case growing out of an illegal transaction, this court said (p. 319): "It matters not how the fact is brought to the attention of the court; whenever it is ascertained, the law denies its aid to either party, it leaves them where it finds them, it closes its temples against them, and says, your 'polluted hands shall not touch the pure fountains of Justice.'"

2. The Federal Farm Loan Act of July 17, 1916, provides that any applicant for a loan thereunder who knowingly makes a false statement in his application for such loan shall be punished by a fine of not exceeding $5,000 or by imprisonment not exceeding one year, or both. 12 U. S. C. A., § 981. The act also provides that "No Federal land bank organized under this chapter shall make loans except upon the following terms and conditions: . . Sixth. No such loan shall be made to any person who is not at the time, or shortly to become, engaged in farming operations, or to any other person unless the principal part of his income is derived from farming operations. . ." 12 U. S. C. A., § 771. The act was passed by Congress, and approved by the President, solely for the benefit of farmers, or those shortly to become such, who were having financial difficulties, and for the purpose of assisting them in amortizing their debts so that they might continue to possess and own a farm, engage in and carry on farming operations, retain and maintain their integrity, regain and rebuild their financial independ-

ence, and thus become and remain better citizens. 12 U. S. C. A., §§ 641-1012; *Federal Land Bank* v. *Shingler,* 174 *Ga.* 352, 370 (162 S. E. 815). And any scheme or transaction having for its ultimate aim a defeat of the beneficent purpose of the act and which tends to bring about results which the act does not provide for or which it seeks to prevent is a fraud upon the act; it denotes bad faith, violates the basic public policy expressed in the act, and cannot be made the ground of a successful suit for any injury resulting therefrom to either party, it being the established rule in such cases that the courts will grant no relief to a party injured thereby. *Federal Land Bank* v. *Blackshear Bank,* 182 *Ga.* 657 (186 S. E. 724); *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d, 214), and citations. See analogous decisions as to such transactions under the Home Owners' Loan Act of 1933 (12 U. S. C. A., § 1461 et seq.); *Conklin* v. *Lewis State Bank,* 207 *Ga.* 106 (60 S. E. 2d, 447); *Cook* v. Donner, 145 Kan. 674 (66 Pac. 2d, 587); *McAllister* v. Drapeau, 14 Cal. 2d, 102 (92 Pac. 2d, 911, 125 A. L. R. 800, 807); notes in 110 A. L. R. 250, 121 A. L. R. 119, and citations.

3. In the case at bar the main parties formulated a plan or scheme to borrow money from the Federal Land Bank of Columbia on land they owned in common as heirs at law of David Jones for the purpose of discharging an obligation which David Jones incurred prior to 1913 and for the payment of which they were jointly liable. The plaintiffs selected the principal defendant Smith Jones, an actual farmer, as the one to apply for the loan, believing that he, as an actual farmer, would stand a better chance to obtain it under the provisions of the Farm Loan Act. They conveyed their interest in the common property to him for a recited cash consideration of $3500, had him reconvey the same to them, and withheld the reconveyance from record until after the applicant's loan from the land bank was obtained and closed. The defendant Smith Jones knowingly misrepresented his ownership and covenanted in his security deed to the lender that he was lawfully seized of the property conveyed thereby; that he had a perfect right to convey it; and that it was unencumbered. The reconveyance, by its terms, hindered the borrower in the fulfillment of his obligation, imperiled to some extent the lender's security, and lessened the probability of the borrower, as a farmer, being rehabilitated by the loan. Indirectly and as parties not shown by the record to be eligible for benefits under the Federal Farm Loan Act, the plaintiffs obtained a loan for the purpose of paying their prorata share of an indebtedness for which they were liable without becoming personally responsible for the repayment of the loan. Their plan or scheme was a corrupt agreement to do an unlawful act which culminated in defeating the beneficent purpose of the Farm Loan Act; it was in its inception and in its consequences a fraud upon the act, and since the injuries complained of result directly from their unlawful transaction, the courts, and more especially a court of equity, will not interpose to grant relief to the injured parties. They made their bed together and together the courts will let them lie. For this reason a general demurrer to the amended petition should have been sustained. *Bugg* v. *Towner,* supra.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18229. ARGUED MAY 12, 1953—DECIDED JUNE 8, 1953.

*A. C. Felton III* and *Geo. B. Culpepper III,* for plaintiffs in error.

*S. M. Mathews* and *Clarence W. Walton,* contra.