## SESSIONS *v.* PAYNE & TYE.

It is contrary to public policy for an agent, without the full knowledge and consent of his principal, to do any act, or make any contract, in carrying out the business of his agency, the effect of which will be to bring the personal interests of the agent in antagonism with those of the principal.　Thus, where one was employed as agent for another to engage the professional services of an attorney at law, such agent could not lawfully, without the assent of the principal, contract with the attorney to receive from him a portion of the fee to be paid to him for such services by the principal ; and the law will not, at the instance of the agent, enforce a contract of this nature against the attorney.

Argued May 20, — Decided July 20, 1901.

Complaint.　Before Judge Reid.　City court of Atlanta.　November 24, 1900.

*J. E. Mozley* and *Harrison & Bryan*, for plaintiff.
*Spencer R. Atkinson*, for defendants.

COBB, J.　Sessions sued Payne & Tye in the city court of Atlanta, setting forth in his petition what was claimed to be two distinct causes of action.　The first cause of action alleged was upon a demand arising ex contractu for $44.52 principal.　For a reason which will hereafter appear, it is unnecessary to further refer to the

allegations of this portion of the petition. The second cause of action alleged was contained in averments the substance of which is as follows: Wolcott and Paige turned over to the petitioner certain bonds, and mortgages to secure them, against the Marietta Paper Manufacturing Company, and asked him to employ counsel to foreclose the mortgages, and to have a receiver appointed to take charge of the property of the company until it could be sold; and they requested that the petitioner act as receiver, and he agreed to do so, and to charge only a nominal sum for his services as receiver. He then proposed to Tye, one of the defendants, to turn over the case to him if he would divide the fees in the case with petitioner, which was agreed to by Tye. The defendants took charge of the case, filed the bill, had petitioner appointed as receiver, took the final decree, and sold the property of the company mentioned; for which services Wolcott and Paige paid the defendants $2,500; a half of which sum is due to petitioner from the defendants, as his part of the fee under the said contract.

The defendants filed a general demurrer to the petition; and also demurred to the second cause of action alleged, upon the ground that the contract therein set forth was against good morals and contrary to public policy, and hence not enforceable at law.

Mr. Mechem in his work on Agency says: "A person will not be permitted to take upon himself the character of an agent, where on account of his relation to others, or on account of his own personal interest, he would be compelled to assume incompatible and inconsistent duties and obligations. An agent owes to his principal a loyal adherence to his interests, and it would be a fraud upon the principal, and would contravene the public policy, to permit an agent, without the full knowledge and consent of his principal, to enter into a relation involving such a duty, when his allegiance had been already pledged to one having adverse interests, or when his own personal interests would be antagonistic to those of his principal." The rule has also been thus stated: "An agent will not be allowed to place himself in a position in which his duty and interest conflict, or be permitted to make a secret profit out of his agency." 1 Am. & Eng. Enc. L. (1st ed.) 372. See also the same work, vol. 1, 2d ed., 1071-2; Story, Ag. (9th ed.) §§ 210, 211; Civil Code, §§ 4030, 4031; *Ramspeck* v. *Pattillo*, 104 *Ga.* 772. A contract by which an agent places himself in a position

where his interests conflict with a duty he owes to his principal is contrary to the policy of the law, and not enforceable at the instance of the agent.   Civil Code, § 3668.   The law will leave the parties to such a contract where it finds them.  Applying these principles to the second cause of action alleged by the plaintiff in his petition, it will be at once seen that the contract therein set up can not be enforced, and that consequently the judge did not err in sustaining the demurrer to that part of the petition.

The city court of Atlanta has no jurisdiction in any case "where the principal sum claimed, exclusive of interest, does not exceed one hundred dollars, in cases where the jurisdiction is now vested in the justice courts."   Acts 1894, p. 209.   The first cause of action alleged being one founded on a contract, and the principal sum claimed, exclusive of interest, being less than one hundred dollars, the city court of Atlanta had no jurisdiction of this cause of action standing alone; and after the conclusion was reached that the second cause of action alleged should be stricken, it was proper to strike the whole petition and dismiss the case without regard to the merits of the controversy set forth in the first cause of action alleged.         *Judgment affirmed.   All the Justices concurring.*