## RED CYPRESS LUMBER COMPANY *v.* PERRY.

1. Contracts of dual agency are not void per se, but only so when the fact that the agent represented both parties was not known to each.    In the present case there was some evidence from which the jury could have inferred that each principal knew that the agent was representing the other.
2. The burden of making out a complete defense lies on the defendant; and where dual agency was relied on, it was necessary for the defendant to prove not only the fact of such agency, but that the same was not known to both parties.
3. There was no error in the charge of the court; the issues were properly submitted to the jury.

Argued October 13, — Decided November 3, 1903.

Complaint.      Before Judge Hodges.      City court of Macon. June 29, 1903.

Perry, a real estate agent, sued the Red Cypress Lumber Company for $474, alleged to be a balance due on a commission for negotiating and effecting for the defendant the purchase of a tract of timbered land, known as Beech Grove Plantation, bought by the defendant from Mrs. Huntley at the price of $10.000, which purchase the plaintiff alleged he negotiated relying on a verbal agreement of the defendant to pay him a commission of five per cent. on the purchase-price of "any and all timbered land" purchased by him for it.    The defendant in its answer denied the alleged agreement, denied that the plaintiff was its agent in connection with the purchase of Beech Grove Plantation, and alleged that such dealings as it had with him in connection with the purchase were had with him as the agent of Mrs. Huntley, the owner of the property.    At the trial counsel for the defendant, at the conclusion of the evidence, moved that the court direct a verdict for the defendant, because "the evidence showed that the agency claimed by the plaintiff was a dual agency, and therefore said contract, even if it existed, was illegal and unenforceable, it not ap-

pearing that both principals, whose interests were adverse, knew of or consented to such agency." This motion was overruled. The court, among other instructions to the jury, charged as follows: " Parties with diverse interest under the law may by consent, with the full knowledge on the part of each, employ a third person as agent of both parties, and such agent so appointed may receive compensation from both principals; but such dual agency must be known by the principals, and such dual agency must be had by and with the consent of both parties." " If you believe from the evidence . . that the plaintiff was acting as the agent of Mrs. Huntley to sell the property, and as the agent of the defendant company to buy the property, and that both principals had full knowledge of . . Perry's fiduciary relations and consented thereto, then I charge you such double or dual agency would be no obstacle to a recovery in the case." The trial resulted in a verdict against the defendant for the amount sued for. The defendant's motion for a new trial was overruled, and it excepted. The movant alleged that the court erred in refusing to direct a verdict for the defendant; that the verdict was contrary to law and the evidence; that the verdict was contrary to the foregoing instructions of the court, because there was no evidence that both parties to the sale in question knew of or consented to the dual agency referred to; and that the court erred in certain instructions to the jury, because they ignored the defendant's contention as to dual agency, and because they treated the Beech Grove Plantation as timbered land and ignored evidence showing that a third of it was not timbered land, and the defendant's contention that the Beech Grove Plantation did not come within the term of the general contract alleged.

*Steed & Ryals*, for plaintiff in error, cited, as to dual agency: *Ramspeck* v. *Pattillo*, 104 *Ga.* 772; *Sessions* v. *Payne*, 113 *Ga.* 955; Rice *v.* Wood, 113 Mass. 133 (18 Am. R. 461); Tyler *v.* Sanborn (Ill.), 4 L. R. A. 218; McNutt *v.* Dix (Mich.), 10 L. R. A. 660, and cit.; Ferguson v. Gooch, 94 Va. 1 (40 L. R. A. 234); Farnsworth *v.* Hemmer, 1 Allen, 494 Bell *v.* McConnell, 32 Ohio St. 396; Cannell *v.* Smith, 14. Pa. St. 25, 31; Hammond *v.* Bookwalter, 12 Ind. App. 177; Lynch *v.* Fallon, 11 R. I. 311; Walker *v.* Osgood, 98 Mass. 348 (93 Am. Dec. 168); Leathers *v.* Canfield, 117 Mich. 277; Porter *v.* Woodruff, 36 N. J. Eq. 174; Levy *v.* Spencer (Col.), 33 Pac. 415; Clark on Contracts, 441–2;

728; 1 Story's Eq. (10th ed.), § 316; 2 Pom. Eq. §§ 1077, 959.

*Hall & Wimberly* and *J. E. Hall,* contra, cited Green *v.* Robertson (Cal.), 28 Pac. 446; Jarvis *v.* Schaefer, 105 N. Y. 289, 11 N. E. 634; Orton *v.* Schofield (Wis.), 21 N. W. 261; Barry *v.* Schmidt (Wis.), 15 N. W. 24; Stewart *v.* Mather, 32 Wis. 344; Rupp *v.* Sampson, 16 Gray, 398; Siegel *v.* Gould, 7 Lans. 177; Mullen *v.* Keetzleb, 7 Bush, 253; *Fitzsimmons* v. *Southern Express Co.,* 40 *Ga.* 330; *Smith* v. *DuBose,* 78 *Ga.* 436; *Sanders* v. *Johnson,* 29 *Ga.* 526, 528; Greenhood on Pub. Pol. 118.

LAMAR, J.   The judge properly submitted to the jury the question as to whether the plaintiff was employed by the defendant to purchase the Beech Grove place from Mrs. Huntley.    The evidence was conflicting, but the verdict of the jury must be taken as conclusive on that issue.   It appeared that Perry had been first employed by Mrs. Huntley to sell, and represented both buyer and seller in the transaction; and the court charged that a double agency without the consent of both parties is contrary to public policy; and that therefore the agent would not be entitled to recover commissions for the services, unless it appeared that each principal knew that he was acting for the other.

Without the consent of both principals an agent can not serve two masters.   He can not assume a position which brings his interest in conflict with his duty to either or both of his employers. Where he acts only as a middleman without discretion, and merely brings the two parties together, and they personally agree upon the terms, the rule applies, but in a modified form, inasmuch as an agent might be under the temptation not to report proposals to the first principal unless accompanied by an offer from the second to pay additional commissions to bring the parties together.   But, inasmuch as the reason for the rule is not so strong, there are decisions to the effect that where both the contracting parties know of the dual agency a mere middleman may recover from both, without showing that each knew that he was to receive commissions from the other.   Rupp *v.* Sampson, 16 Gray, 398; Siegel *v.* Gould, 7 Lans. 177; Orton *v.* Schofield, 21 N. W. 261; Barry *v.* Schmidt, 15 N. W. 24; Jarvis *v.* Schaefer (N. Y.), 11 N. E. 634; Rice *v.* Wood, 113 Mass. 113, s. c. 18 Am. Rep. 459.   The company, however, insists that even if these authorities are to be followed, the charge was error, because, while it knew that Perry was

representing Mrs. Huntley, there was no evidence that she knew he represented the purchaser. The answer nowhere set up the invalidity of the contract because of dual agency, but that issue seems to have been raised after the evidence had closed, and on a motion to direct a verdict for the defendant. Under the code the defendant should clearly, fully, and distinctly set forth his defense. Civil Code, § 5052. Here the defendant ought to have put the plaintiff on notice of the intended attack on the contract. Civil Code, § 5053. If it assumed the burden of proving the invalidity of the contract, it should have made out a complete, not a mere partial defense. The plaintiff claimed to be a middleman. Dual agency was not absolutely contrary to public policy, but only so if the principals did not know thereof. And as it required two elements to defeat the agent's right to recover, both should have been proved by the party asserting the invalidity of the contract. " When a contract is valid in the absence or existence of certain facts, but otherwise void, it is, in the absence of evidence, presumed to be valid; and the burden of proving the absence or existence of such facts lies upon him who asserts its invalidity." Greenhood on Pub. Pol. 118, Rule çxxx.

In *Sanders* v. *Johnson,* 29 *Ga.* 526, Johnson sued Sanders on a note executed on Sunday. The evidence was silent as to whether the note was given in the exercise of any " worldly labor, business, or work of the ordinary callings " of the parties, as contemplated by the act of 1762 (Cobb, 853). The defendant contended, after entering into an agreed statement of facts, that the note was void by reason of the provisions of the acts of 1762. The jury found for the plaintiff. The court said (p. 528): " It does not appear from the evidence that the note was made by the parties to it in the exercise of ' worldly labor, business, or work, of their ordinary callings;' and the onus was upon the defendant (the plaintiff in error) to show that it was. It is to be presumed that all persons are innocent until it is shown that they are guilty. It is to be presumed, therefore, that the making of the note was *not* in the exercise of the ordinary callings of the parties to the note, until the contrary is shown. . . The onus then, standing as it did, and the evidence being as it was, we think, with the court below, that the note was to be regarded as ' collectable.' " See also *Forysth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 ; Civil Code, § 5160.

Besides, though meager, there was some evidence from which the jury might have inferred that Mrs. Huntley knew that the plaintiff represented the buyer.    While the option stated that he was her agent, it was yet given to " John O. Perry, agent, and to his assigns," and there was an entry thereon that the option had been obtained for the benefit of the Red Cypress .Lumber Company.          *Judgment affirmed.    All the Justices concur*.