## 875.  GANN v. ZETTLER.

"No man can serve two masters; for either he will hate the one, and love the other; or else he will hold to the one, and despise the other."

Complaint, from city court of Atlanta—Judge Reid. November 16, 1907.

Argued February 4,—Decided February 11, 1908.

*C. B. Rosser,* for plaintiff.   *A. C. Broom,* for defendant.

POWELL, J. It is recorded of Him "who spake as never man spake," that, "seeing the multitudes, he went up into a mountain; and when he was set, his disciples came unto him: and he opened his mouth, and taught them, saying,  . .  No man can serve two masters: for either he will hate the one, and love the other; or else he will hold to the one, and despise the other." So also is our law. Civil Code, §§ 3010, 3011, 3014, 3018. Whoso, having undertaken the service of his master, counsels with another and agrees also to serve him in those same things wherewith he has been trusted, can not claim the reward promised by his master, unless he makes it plain that he has not acted privily, but that his master was consenting thereto. *Sessions* v. *Payne,* 113 *Ga.* 955 (39 S. E. 325) ; *Ramspeck* v. *Pattillo,* 104 *Ga.* 772 (30 S. E. 962, 42 L. R. A. 197, 69 Am. St. R. 197) ; *Red Cypress Lumber Co.* v. *Perry,* 118 *Ga.* 876 (45 S. E. 674) ; *Whitley* v. *James,* 121 *Ga.* 521 (49 S. E. 600) ; *Reed* v. *Aubrey,* 91 *Ga.* 435 (17 S. E. 1022, 44 Am. St. R. 49) ; *Todd* v. *German American Insurance Co.,* 2 *Ga. App.* 789 (59 S. E. 94).

In this case a woman owning a house placed it with an agent,

instructing him to sell it for her for $1,500. A man desiring to buy the house, but not for cash, hired this agent to become also his agent to buy it of the woman through other means; making known to him that he was willing to give, in exchange for the woman's house, a piece of land which he owned and $1,200 in notes. The agent, not telling the woman that he had become the agent of the man, got from her an agreement to take, in exchange for her house, the man's land, and notes for $1,000; and she therewith also consented that if the agent could get the man to give more than this sum, he should have it for his pay. However, before the trade was ended, the woman, having obtained knowledge that the man had already offered to give more than the land and the $1,000, which had not been told her, put the agent aside and dealt directly with the man, to her better advantage. The agent, learning of these things, sued her for $200; but the judge gave judgment in her favor.                    *Judgment affirmed.*