25482. E. LICHTENSTEIN COMPANY *v.* NEBRASKA CON-SOLIDATED MILLS COMPANY.

DECIDED NOVEMBER 21, 1936.

*Herbert J. Haas, George B. Tidwell, J. Kurt Holland,* for plaintiff in error.

*Clifford Hendrix, Hendrix & Buchanan,* contra.

MacIntyre, J. This was a suit by Nebraska Consolidated Mills Company against E. Lichtenstein Company, wholesale grocer, on an alleged contract by which the plaintiff contended it had sold the defendant, on open account, a car-load of flour, for which it had not been paid. The defendant denied the indebtedness, and

filed a counterclaim that the agreement was that plaintiff was to ship the flour, but that the defendant was not to purchase it, but that it would be sold by the plaintiff's agent to the defendant's customers, and as the same was sold the plaintiff was to receive the manufacturer's price, but that the plaintiff was not to receive anything unless its agent sold the flour to the defendant's trade. The defendant's answer admitted that the plaintiff made the delivery as set forth in the petition, and that the defendant had failed and refused to pay the sum of $1616.50; and further answering, alleged that while the original purchase-price was $1616.50, "the defendant being unable to dispose of said merchandise in the regular course of business, it notified the plaintiff, after said flour had been in its warehouse for a period of more than six months, that said flour would spoil and rot, and that it would be forced to sell the same for the account of the plaintiff. Defendant in good faith advertised the flour for sale in bulk, and, after having received bids, it sold same to the Atlantic Milling Company, the highest and best bidder," for $934.50. Further answering, the defendant alleged that it was indebted to plaintiff for "30 barrels sold in the regular course of business, $220.04; proceeds from the sale in bulk to Atlanta Milling Co., $934.65; total $1154.69; *less* January storage, 210 bbls. at 19.2 per bbl., $40.32; February, March, April, and May storage, 180 bbls. 4 months, at 8.8 per mo. per bbl., $61.36; insurance, January, through May, 5 mos. at $5 per thousand, $4.04; labor and handling, $10; balance, $1038.97, and not $1616.50, the original purchase-price of the flour."

It seems to us that the defense set up was that the defendant elected to treat the property as the plaintiff's, and to sell on the plaintiff's account; that it sold the flour, acting for this purpose as the agent of the plaintiff vendor, and sought to fix the recovery of the plaintiff as the difference between the contract price and the price on resale. Therefore, before the plaintiff can be held chargeable for such difference, it must appear that it was notified of the defendant's intention to sell at the plaintiff's risk. *Green* v. *Ansley,* 92 *Ga.* 647, 649 (19 S. E. 53, 44 Am. St. R. 110). Requirements of good faith demand that in the principal's interest it is the agent's duty to make known to the principal all material facts which concern the transactions and subject-matter of his agency. 3 C. J. S. 8, § 138; *Arthur* v. *Georgia Cotton Co., 22 Ga. App.*

431 (96 S. E. 232). Where the action is for the deficiency in the amount realized from the resale, the defendant must recover on that basis alone, without regard to the market value at the time of the breach, and the amount obtained at the resale is either conclusive or else counts for nothing at all. *Green* v. *Ansley,* supra. A different question would be presented if the defense was that the measure of damages was the difference between the contract price and the market price. *Mendel* v. *Miller,* 126 *Ga.* 834, 837 (56 S. E. 88, 7 L. R. A. (N. S.) 1184). The evidence did not show notice to the plaintiff vendor; and therefore the judge did not err in directing the verdict for the plaintiff. *Felty* v. *Southern Flour & Grain Co.,* 140 *Ga.* 332 (78 S. E. 1074).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*