42773.   SPRATLIN, HARRINGTON & THOMAS, INC.
v. HAWN et al.

ARGUED MAY 4, 1967—DECIDED JUNE 20, 1967—
REHEARING DENIED JULY 13, 1967—

*Webb, Parker & Ferguson, John Tye Ferguson,* for appellant.
*Grant, Spears & Duckworth, William G. Grant,* for appellees.

QUILLIAN, Judge. The appellant's enumerations of error may be categorized into three basic contentions, which follow.

(1) There was no special plea raising the issue of "dual agency" as to Count 3. Since "dual agency" is an affirmative defense it must be plead. Thus, the only question relative to Count 3 is whether the allegations were proved. The appellant contends the allegations were supported by sufficient proof and therefore it is entitled to recover regardless of the merit of the other counts.

(2) "Dual agency" is not void per se but perfectly proper where the fact of such agency is known to the principals. The evidence reveals that the defendants knew of the dual agency and did not repudiate it; therefore, they can not rely on such defense.

(3) The prohibition against "dual agency" is not applicable where the agent, acting for two different principals has no discretion and he was a mere "middleman," in that his duties were purely ministerial. The evidence showed this to be true; thus, for another reason the defendants failed to sustain their position.

We now consider these contentions in the order in which they were presented.

■ Relying on *Red Cypress Lumber Co. v. Perry,* 118 Ga. 876 (45 SE 674), the appellant contends that "dual agency" is not against public policy but is a mere affirmative defense to a contract which must be plead and proved. In this connection, it is pointed out that, after having answered the petition, when the defendants failed to specially plead to Count 3 (added by amendment) the effect was merely to generally deny that count, leaving only the question of whether it was proved. *Henry & Hutchinson v. Slack,* 91 Ga. App. 353, 355 (85 SE2d 620).

Of course, dual agency per se is not against public policy but dual agency unknown to the principal is. "It is contrary

to public policy for an agent, without the full knowledge and consent of his principal, to do any act, or make any contract, in carrying out the business of his agency, the effect of which will be to bring the personal interests of the agent in antagonism with those of the principal." *Sessions v. Payne & Tye,* 113 Ga. 955 (39 SE 325); *Ramspeck v. Pattillo,* 104 Ga. 772, 775 (30 SE 962, 42 LRA 197, 69 ASR 197); *Manis v. Pruden,* 145 Ga. 239 (3) (88 SE 967); *Smith v. Harvey-Given Co.,* 182 Ga. 410, 414 (185 SE 793).

Unquestionably, "the burden of making out a complete defense lies on the defendant; and where duality of agency is relied on as a defense, it is necessary for the defendant to prove, not only the fact of such agency, but also that the same was not known to both parties." *Ballew v. Ware & Harper,* 16 Ga. App. 149 (1) (81 SE 597); *Williamson v. Martin-Ozburn Realty Co.,* 19 Ga. App. 425, 428 (91 SE 510); *Winer v. Flournoy Realty Co.,* 27 Ga. App. 87, 88 (3) (107 SE 398). However, where a violation of public policy is involved the court will leave the parties where it finds them. It matters not how the fact is brought to the attention of the court; whenever it is ascertained, the law denies its aid. *Jones v. Dinkins,* 209 Ga. 808 (76 SE2d 489). Hence, the issue as to the third count, despite the involved arguments offered concerning its ramifications, is basically the same as is the issue in Counts 1 and 2, to wit: was there knowledge of and consent to the dual agency on the part of the principals, the defendants here?

■ The evidence in this case reveals that the plaintiff informed the defendants by letter that: "As we told you, we feel that we represent two lenders who are prospects for the above financing namely: American National and Mutual Life." The plaintiff's own witnesses concede that "representing" merely meant the plaintiff had authority to submit loan applications for the lender's consideration.

From the testimony adduced and exhibits offered into evidence it appeared that the plaintiff wrote to American National, the lender: "We are submitting this application with the understanding that we are to be paid a $10,000 finders fee and 1/16 servicing as discussed with Ray Wilson." Subse-

quently, the lender replied: "At the time this loan is closed in accordance with our commitment to be issued, we will pay Spratlin, Harrington & Thomas, Inc., a commission of $10,000 and a servicing fee of 1/16 of 1%." The testimony of the defendants was that they were unaware of this arrangement until their attorney discovered it "from correspondence subpoenaed or produced on notice" just prior to the trial of this case. According to the defendants' agent, the development manager of the shopping center, prior to the execution of the contract, when he inquired of the plaintiff's agent if the plaintiff was going to get a servicing fee from the lender he was told the plaintiff was not going to get a servicing fee.

The Georgia courts have held: "Contracts of dual agency are not void per se, but only so when the fact that the agent represented both parties was not known to each." *Red Cypress Lumber Co. v. Perry*, 118 Ga. 876 (1), supra. *John v. Thrower*, 11 Ga. App. 494 (75 SE 819); *Reserve Loan Life Ins. Co. v. Phillips*, 156 Ga. 372, 377 (119 SE 315). Therefore, the question here involved is whether knowledge of and consent to the dual agency within the meaning of the cited cases is simply knowing that one represented a lender as a correspondent or encompasses at least an understanding of the material aspects of the agency. We agree with counsel for the appellant that the amount the agent might receive is immaterial. 3 AmJur2d 605, Agency, § 233.

"The first duty of an agent is that of loyalty to his trust. He must not put himself in relations which are antagonistic to that of his principal. His duty and interest must not be allowed to conflict. He cannot deal in the business within the scope of his agency for his own benefit. . .; nor is he permitted to compromise himself by attempting to serve two masters having a contrary interest, unless it be that such contracts of dual agency are known to each of the principals." *Arthur v. Georgia Cotton Co.*, 22 Ga. App. 431 (96 SE 232); 3 CJS 17, Agency, § 141; Anno., 14 ALR 464, 469, 471; 3 AmJur2d 607, Agency, § 237; Anno., 48 ALR 917, 918, 921. "It is of the essence of the contract of the agent that he will use his best skill and judgment to promote the interest of his

employer. . . To represent both parties as their agent is to undertake inconsistent duties. . . An agent can not use his best skill and judgment to promote the interest of his employer where he acts for two persons whose interests are essentially adverse. Such a situation places the agent under a temptation to deal unjustly with one or both of his principals. . . He thus commits a fraud on his principals in undertaking, without their consent or knowledge, to act as their mutual agent. . . 'The law of agency is, that the principal bargains for the exercise of "the disinterested skill, diligence, and zeal of the agent for his exclusive benefit." He can have no interest and do no act adverse to the interest of his employer, or incompatible with the application of his best skill, zeal, and diligence to the promotion of that interest.'" *Napier v. Adams,* 166 Ga. 403, 406 (143 SE 566). Simply stated, the Biblical expression quoted by Judge Powell in *Gann v. Zettler,* 3 Ga. App. 589 (60 SE 283), is apt: "No man can serve two masters; for either he will hate the one, and love the other; or else he will hold to the one, and despise the other."

. In discussing what constitutes knowledge it has been pointed out that there must be knowledge of all material facts of agency. 3 AmJur2d 605, 606, Agency, § 234; Anno., 48 ALR 917, 923; 3 CJS 18, Agency, § 141. "The facts that no actual fraud has been practiced, no damage has resulted, and no bad faith has been exercised, in a transaction in which the agent has acted in a dual capacity, do not make the contract valid, in the absence of knowledge on the part of the principal, of all the material facts." Ann., 48 ALR 917, 925; *Napier v. Adams,* 166 Ga. 403, 408, supra. "Requirements of good faith demand that in the principal's interest it is the agent's duty to make known to the principal all materials facts which concern the transactions and subject matter of his agency." *E. Lichtenstein Co. v. Nebraska Consolidated Mills Co.,* 54 Ga. App. 602, 603 (188 SE 559). "'An agent owes to his principal a loyal adherence to his interests, and it would be a fraud upon the principal, and would contravene the public policy, to permit an agent, *without the full knowledge* and consent of his principal, to enter into a relation involving such a duty, when his

allegiance had been already pledged to one having adverse interests, or when his own personal interests would be antagonistic to those of his principal.' The rule has also been thus stated: 'An agent will not be allowed to place himself in a position in which his duty and interest conflict, or be permitted to make a *secret profit* out of his agency.'" (Emphasis supplied.) *Sessions v. Payne & Tye*, 113 Ga. 955, 956, supra; *Williams v. Moore-Gaunt Co.*, 3 Ga. App. 756 (60 SE 372); *Smith v. Harvey-Given Co.*, 182 Ga. 410, 415, supra.

Under the circumstances of this case the plaintiffs failed to reveal to the defendants a pertinent and possibly vital fact that they were going to receive a fee from the lender. This failure to disclose was a violation of a fundamental tenet of the agency relation. Without such disclosure we can not hold that the evidence demands a finding that the defendants "knew" of the dual agency so as to, in effect, waive the protection of the "dual agency" rule.

■ Relying on numerous citations of foreign authority as well as language contained in *Todd v. German American Ins. Co.*, 2 Ga. App. 789, 800 (59 SE 94) and *Red Cypress Lumber Co. v. Perry*, 118 Ga. 876, supra, the appellants contend they were mere middlemen with no discretionary authority and thus the rule is applicable: "Another exception to the doctrine generally forbidding dual agencies is that the agent may represent both parties, provided that the acts in which he is to represent the one in nowise conflict with the full exercise of his duty to the other. An agent may perform mere ministerial acts, involving no discretion, for one of the parties to the contract, though he is agent for the other party. He is forbidden to act for both only when there is opportunity that the skill and judgment which he should exercise for the one may conflict with the skill and judgment he should exercise for the other." *Todd v. German American Ins. Co.*, 2 Ga. App. 789, 800, supra.

It is urged that a broker is not an agent in a true sense because a broker merely serves as a conduit to bring the parties together and afterwards they do all the negotiating and reach a final agreement without the broker's aid. Appellants

contend the "middleman" rule is therefore especially applicable under these facts where the defendants had already determined and prescribed the amount of loan and its basic requirements.

We can not agree with this conclusion. A broker is under the same compulsion as an agent: "A broker cannot, without violating his general duty of good faith, act for persons having interests adverse to those of his employer, unless he acts with the consent of his employer given with full knowledge of the facts." 12 AmJur2d 840, Brokers, § 87.

Furthermore, here the evidence and pleading reveal that: the plaintiff undertook to assist the defendants in obtaining a loan on the most favorable terms possible; that pursuant to this aim the plaintiff's agents received from the defendants confidential information as to their plans for the development of the shopping center they proposed to construct; that the plaintiff gave the defendants advice with respect to the amount and terms of the loan that they might expect to obtain, the interest rate they should seek, and the amount of "standby fee" they should pay for a loan commitment; that the plaintiffs actually negotiated a loan commitment from American National Insurance Company on behalf of the defendants. Hence, the rule would be applicable: "A broker is simply a middleman, within the meaning of this exception, when he has no duty to perform but to bring the parties together, leaving them to negotiate and to come to an agreement themselves, without any aid from him. If he takes, or contracts to take, any part in the negotiations, however, he cannot be regarded as a mere middleman, no matter how slight a part it may be. . . Nor does it make any difference that the price was fixed by his first employer." Jensen v. Bowen, 37 N. D. 352 (164 NW 4); Anno., 14 ALR 464, 474.

The plaintiff in this case was not a so-called "middleman," but under a reasonable construction of the evidence was acting actively for the defendants and could not accept compensation from an adverse party without revealing, upon inquiry, the fact of such compensation.

■ There being an affirmance of the judgment of the trial court, no ruling will be made on the motion to dismiss.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*