26126.  FRANCO v. STEIN STEEL & SUPPLY COMPANY.

SUBMITTED OCTOBER 14, 1970—DECIDED NOVEMBER 12, 1970—
REHEARING DENIED DECEMBER 17, 1970.

*Saul Blau, Charlie Franco,* for appellant.

*William R. King,* for appellee.

ALMAND, Chief Justice. This appeal is from orders (a) refusing an oral motion to dismiss an equitable petition, (b) granting an interlocutory injunction, and (c) appointing an auditor.

The appellee, Stein Steel & Supply Co., a corporation engaged in the design, fabrication and sale of structural steel, brought its equitable petition against A. M. Franco. It was alleged that Franco, a registered professional engineer in the State of Georgia and, other States had been employed by Stein since 1961 as an engineer. It was alleged that: "Plaintiff has recently learned that defendant, for some time—the length of which plaintiff does not know—has been personally billing and receiving payment from plaintiff's customers and potential customers for the services for which defendant is employed by plaintiff to perform for such customers.

"On information and belief, plaintiff alleges that defendant has not included an appropriate apportionment of his salary and expenses in connection with his duties on behalf of plaintiff in the total prices of the contracts he has entered into, binding plaintiff to furnish structural steel items, and as a result plaintiff has been unable to recover the value of the services performed by defendant from the customers with whom defendant has been dealing on behalf of plaintiff.

"While receiving compensation from plaintiff, using the materials supplied by plaintiff, during trips at plaintiff's expense by virtue of his relationship as an agent and officer of plaintiff, defendant has been dealing within the scope of agency for his own benefit to the detriment of plaintiff.

"As a result of the manner in which defendant performed his duties for plaintiff and of defendant's position of trust and confidence, defendant has possession of plans, drawings, design calculations, work papers, negotiated proposals, estimates, work sheets,

lists of plaintiff's customers, correspondence and other business records and documents, all in varying stages of development and completion, many of which are plaintiff's trade secrets and are the only copies or records of such matters. All of these items are products of defendant's efforts as an officer and employee of plaintiff and are therefore plaintiff's property.

"Plaintiff fears that defendant will secrete, destroy, dispose of or divert to his own use plaintiff's business records and documents in the possession of defendant or others known to him unless restrained from doing so by this court. Unless such business records and documents are delivered to plaintiff or placed in the possession of the court, plaintiff will suffer irreparable harm and injury."

The prayers of the petition were (a) to restrain and enjoin Franco from diverting to his own use or divulging to anyone other than a representative of the plaintiff, any plans, drawings and other described articles or destroying such articles; (b) for an accounting to determine the profits obtained by defendant in breach of his duty as agent and officer of Stein; (c) for the appointment of a "special auditor" to take possession of documents and business records, the property of Stein, now in possession of Franco; (d) for judgment in the amount of secret profits, and (e) for other just and proper relief.

On presentation of the complaint to the court, it (a) granted a temporary restraining order, conditioned upon the plaintiff making a bond in the sum of $1,000, and (b) on the supporting affidavit of Milton O. Stein, president of the petitioner, the court appointed William H. Cate as a special auditor to take possession of certain documents, etc., in the possession, custody or control of the defendant.

The defendant by answer and cross bill, admitted that he was a registered professional engineer and during the course of his employment by the plaintiff his duties had increased in importance so that at the present time he held the position of chief engineer and director of fabrication and is also a senior vice president of the plaintiff. He denied the allegation that he was an employee of the plaintiff, that he has been operating as A. M. Franco Engineers for over 12 years, and that his relation with Stein had been

that of consulting engineer. He denied that he had any of the documents, papers, etc., set out in the petition that belonged to Stein, or that he had in his possession any trade secrets of the plaintiff, or that he had destroyed any business records of Stein. By cross bill he prayed that the petition be dismissed, and he be awarded punitive damages in a named sum and attorney's fees.

After hearing evidence and argument, the court (a) overruled a motion to dismiss the petition, (b) granted an interlocutory injunction, and (c) continued the appointment of a special auditor.

The defendant Franco filed his notice of appeal and error is enumerated on (a) the order of July 21, 1970, granting an interlocutory injunction, (b) the order of July 2, 1970, granting a temporary injunction, (c) the order appointing a special auditor, (d) the order overruling the motion to dismiss the petition, and (e) that the ex parte orders of July 2, granting a temporary injunction and appointing a special auditor "are unconstitutional and contrary to the Fourteenth Amendment to the Constitution, same depriving the defendant of his liberty and property without an opportunity for a hearing."

■ Motion to dismiss petition. *Code* § 4-205 provides: "The agent shall not make a personal profit from his principal's property; for all such he is bound to account."

The first duty of an agent is that of loyalty to his trust. Within the scope of his agency he cannot engage in the business of his principal for his personal benefit and profit. He cannot have any interest or do any act adverse to the interest of his principal, or which is incompatible with the application of his skill and diligence to the promotion of that interest. He cannot place himself in a position in which his duty and interest conflict with that of his principal, or be permitted to make a secret profit out of his agency. In support of the above see: *Code* § 37-707; *Stover v. Atlantic Ice &c. Corp.,* 154 Ga. 228 (113 SE 802); *Sessions v. Payne & Tye,* 113 Ga. 955 (39 SE 325); *Napier v. Adams,* 166 Ga. 403 (143 SE 566); *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (6) (52 SE 898).

The trial court in its order overruling the motion to dismiss found that the allegations in the petition were sufficient to charge the defendant as an officer and agent of the Stein Company

with operating within the scope of his agency for his own benefit and to the injury and damage of his principal.

It was not error to overrule the motion to dismiss the complaint.

■ Assuming, without conceding, that the appellant can enumerate as error the granting, ex parte, of a temporary injunction and the appointment of a special auditor, we are of the opinion that the trial court did not err in granting either order.

The Civil Practice Act of 1966 provides: "No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."

The temporary restraining order of July 2, 1970, was issued on the allegations verified by the president of Stein and his supporting affidavit which were sufficient to justify the issuance of a temporary injunction and the appointment of a special auditor. The temporary injunction was to remain in effect, "until further order of the court after said hearing, otherwise to expire on the 2nd day of August, 1970." A hearing was had on July 27, all in compliance with the above-quoted Civil Practice Act.

While the court appointed one who was styled, "special auditor," to take possession of certain papers and documents, his duties were those of a temporary receiver. The court had the power to make such appointment. *Code* § 55-301; *Edwards v. United Food Brokers,* 195 Ga. 1, 8 (22 SE2d 812): "Thus, if the danger of dissipating assets before an interlocutory hearing can be had is great, the court in the exercise of a sound discretion may, without notice, grant a temporary restraining order or appoint a temporary receiver in order to preserve the status until the interlocutory hearing."

*Enumerations of error 2 and 3 are without merit.*

■ The trial judge in his order granting an interlocutory injunction made certain findings of fact. He found that the defendant had in his possession certain documents, the product of his engineering effort; that the evidence supports the contentions of the plaintiff that the defendant, as its officer and agent, required

him to furnish his skills and talents for its benefit, but that while using plaintiff's supplies, the defendant was furnishing his skills and services to others, for which he received compensation, which was not accounted for to the plaintiff and that the defendant admitted he had performed certain engineering services for customers or prospective customers of plaintiff for which he received compensation which he never reported or accounted for to the plaintiff. The trial judge found from the evidence that the plaintiff's claims were serious and substantial and merited invocation of the equitable powers of the court and if not granted, plaintiff would otherwise suffer irreparable injury.

Though in some particulars the evidence is in conflict, we cannot say that the trial judge abused his discretion in granting an interlocutory injunction or continuing the appointment of a "special auditor" (temporary receiver). See *Parrish v. Rigell,* 183 Ga. 218, 224 (188 SE 15, 107 ALR 1385).

*Judgment affirmed. All the Justices concur.*