## 38740. POPE et al. v. KEM MANUFACTURING CORPORATION.

HILL, Presiding Justice.

Kem Manufacturing Corporation sought and was granted a temporary injunction against its former salesman, defendant Lonnie G. Pope, prohibiting him from selling competing chemical and sanitary maintenance products to eight named customers to whom Pope had sold similar products while employed by Kem. Pope appeals contending that the trial court erred in enjoining him from post-termination sales to Kem's competitors absent proof of an

employment contract containing a covenant against competition.

Pope had worked for Kem as a salesman in northeast Georgia from December, 1977, until he was discharged on July 2, 1981. During the spring of 1981, Kem discovered that Pope, through a corporation acquired by his wife in late 1980, was selling competing products; that is, while calling on Kem's customers and selling Kem's products at Kem's expense, he was also selling competing products to the profit of his wife's corporation. Pope was terminated and Kem brought suit against Pope and his wife's corporation, RCK Home Improvement Co., Inc., d/b/a National Industrial Supply Co., seeking damages for the period in which it alleges Pope was acting as a double agent and seeking an injunction to enforce the restrictive covenants of its employment contract with Pope.

This action is still pending below, and the main issue before us is the temporary injunction restraining Pope and his wife's corporation from continuing to sell competing products to eight named customers of Kem. Kem contends that Pope signed an employment contract containing a covenant against competition. However, no such contract has been proved to exist.

1. Pope asserts vigorously on appeal that the trial court erred in temporarily restraining future sales where he is not constrained from competition by restrictive covenants in an employment contract. As he correctly states, such covenants are not favored when they exist (much less when they do not), because of their effect on free and open competition. 1976 Ga. Const., Art. III, Sec. VIII, Par. VIII; Code Ann. § 2-1409; Code Ann. § 20-504; *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183 (236 SE2d 265) (1977); *Richard P. Rita Personnel Svcs. &c. Inc. v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972).

Kem, on the other hand, relies on the fiduciary principles of agency law — the "employment relationship" — as its legal grounds for defending the propriety of the temporary injunction, citing Code Ann. § 4-101; § 4-205; §§ 37-707-708; and *Franco v. Stein Steel &c. Co.,* 227 Ga. 92 (179 SE2d 88) (1970). Alternatively, Kem argues that the injunction may be sustained as properly protecting its trade secrets, especially its customer lists, in the absence of a written contract. We cannot agree.

The principles of agency, while pertinent to the time period when Pope was still in Kem's employ, will not sustain the grant of an injunction prohibiting competition after the agency relationship is terminated. If the rule were otherwise, no former agent could compete against a former principal. *Franco v. Stein Steel &c. Co.,* supra, is not applicable here because Franco was an officer and agent of Stein Steel at the time the injunction was issued. We hold that in order to be valid a post-employment covenant against competition by

an employee who is not an officer or director must be in writing. See *Southeast Consultants v. McCrary Engineering Corp.,* 246 Ga. 503 (1) (273 SE2d 112) (1980); *United Seal &c. Co. v. Bunting,* 248 Ga. 814 (285 SE2d 721) (1982).

Nor, on the record before us, can the injunction be sustained as necessary to protect Kem's customer list and prices. *Taylor Freezer Sales Co. v. Sweden &c. Eastern Corp.,* 224 Ga. 160, 165 (160 SE2d 356) (1968); *Vendo Co. v. Long,* 213 Ga. 774 (2) (102 SE2d 173) (1958); *Stein v. National Life Assn.,* 105 Ga. 821 (32 SE 615) (1898).

It appears from the record, however, that there may well have been an employment contract, which has since been lost from Pope's personnel file. Pope does not deny that he signed such a contract, only stating that, although there was some discussion of one, he does not specifically remember one among the many papers he signed when he was hired. Some of those other papers indicate that such a contract was signed. It also appears from the record that the company expends much energy in protecting its products and its sales and marketing techniques in a highly competitive industry, which efforts generally included the use of employment contracts for most employees, especially those privy to technical and price information as was Pope.

Kem, however, made no attempt to prove that its employment contract with Pope was lost, Code Ann. § 38-702, and, if so, to prove its contents (the restrictive covenant sought to be enforced) by secondary evidence. Code Ann. §§ 38-203, 38-204, 38-212. 11 EGL, Evidence, §§ 62-64. Absent such proof, we have no way of determining the validity of the covenant. Although it could be argued that where it appears that there may have been an employment contract containing a covenant against competition, the trial court has the discretion to issue a temporary injunction pending trial, we reject such argument and therefore hold that in the absence of evidence of a restrictive covenant in an employment contract the trial court erred in enjoining Pope from soliciting business from the eight customers to whom he had sold similar products for Kem.

2. Since we have noted that Kem may, at trial, be able to prove that it in fact had entered into a written employment contract with Pope as well as the terms of that contract, we cannot say that the trial court erred in refusing to grant Pope's motion to dismiss the enumerated counts of Kem's complaint. See *Dillingham v. Doctors' Clinic,* 236 Ga. 302 (223 SE2d 625) (1976).

3. In light of the reversal of the trial court's granting of the temporary injunction, we need not reach Pope's enumeration of error in which he contends that Kem's general manager's affidavit should be stricken.

4. We find no abuse of discretion by the trial court in ruling on

the motions concerning discovery.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Smith, J., who dissents to Divisions 2, 3, and 4.*

DECIDED SEPTEMBER 8, 1982 —
REHEARING DENIED SEPTEMBER 28, 1982.

*Stagg, Wildau, Simpson, Hoy & Oakley, Susan Hoy, Stanley F. Birch, Jr.,* for appellants.

*Sherwyn E. Syna,* amicus curiae.

*Goodman & Bush, James E. Goodman, Clay Bush, Lawson, Brown & Hartness, George W. Brown, Jr.,* for appellee.