### 39965. KOCH v. COCHRAN et al.

WELTNER, Justice.

In 1982, Koch entered into an oral agreement with a firm known as "Top Flower." Pursuant to the agreement, Koch became a representative of Top Flower, importing the company's flowers to the United States and selling them to retail stores. Koch's commission was 20% of his gross sales.

Soon after reaching the agreement, Koch invited Barbara Cochran, his former secretary, to join him in the business. She agreed to accept one-half of Koch's commission (10% of the gross sales) as compensation. There was no written agreement.

Once the business was begun, Mrs. Cochran encouraged Koch to hire her husband.

During this time, negotiations continued between Top Flower and Koch. The parties agreed that Koch's commission would be raised to 30% of his gross sales and that Koch would pay his own expenses. The Cochrans continued to receive 10% of the gross sales pursuant to their earlier agreement with Koch.

The Cochrans were informed by Koch as to the progress of his discussions with Top Flower. Mrs. Cochran was concerned that Koch expected too much from Top Flower, and advised Koch several times to reduce his demands. Finally, Koch met with Top Flower while the Cochrans were present. Much of the discussions were conducted in Dutch, which the Cochrans could not understand. Nonetheless, the Cochrans left the meeting with the feeling that negotiations were breaking down. That evening Cochran contacted the representative

of Top Flower, and was offered Koch's position with the company — which he accepted. The next day Koch was informed that he had been replaced by his own agent, whereupon he discharged both the Cochrans.

Koch brought an action for damages and injunctive relief against Cochran and his wife alleging a breach of their duty to him as agents and employees. The trial court granted the Cochrans' motion for summary judgment, and Koch appeals.

This case involves the duty of loyalty owed to a principal by agents who are neither officers nor directors of the principal. Cf. *Southeast Consultants v. McCrary Engineering Corp.,* 246 Ga. 503 (273 SE2d 112) (1980); *Franco v. Stein Steel &c. Co.,* 227 Ga. 92 (179 SE2d 88) (1970).

"It has been held by this court that the relation of principal and agent is a fiduciary one, and that the agent may not make a profit for himself out of the relationship, or out of the knowledge obtained from the relationship, to the injury of the principal." *Larkins v. Boyd,* 205 Ga. 69, 73 (52 SE2d 307) (1949). OCGA § 10-6-25 (Code Ann. § 4-205). " ' "The relationship of principal and agent . . . demands of the agent the utmost loyalty and good faith to his principal." ' " *Harrison v. Harrison,* 214 Ga. 393, 394 (105 SE2d 214) (1958). See OCGA § 23-2-58 (Code Ann. § 37-707).

The Cochrans rely on *Pope v. Kem Mfg. Corp.,* 249 Ga. 868 (295 SE2d 290) (1982), to support their contention that they were free to compete with Koch after termination of the agency relationship, absent a written contract. In *Pope* (as here), there was no evidence of a written contract prohibiting competition by the employee upon termination of his employment. We held: "The principles of agency, while pertinent to the time period . . . [of employment], will not sustain the grant of an injunction prohibiting competition after the agency relationship is terminated. If the rule were otherwise, no former agent could compete against a former principal." 249 Ga. at 869.

*Pope* is inapposite, as here there was an *existing* agency relationship. Surely, an agent could do nothing more disloyal to his principal than what Cochran did to Koch — amounting to nothing less than usurpation of Koch's sole supplier. Accordingly, the trial court should not have granted the Cochrans' motion for summary judgment.

*Judgment reversed. All the Justices concur, except Clarke, J., who dissents.*

DECIDED OCTOBER 19, 1983 —
REHEARING DENIED NOVEMBER 1, 1983.

*Sibley & Sibley, Jack N. Sibley,* for appellant.
*Downey, Cleveland, Moore & Parker, John H. Moore, Y. Kevin Williams,* for appellee.